Parker, J.,
declared himself satisfied with the verdict, and saw no cause for granting a new trial.
* Sedgwick, J.
The indictment charges, in substance, that the prisoner, since the 15th of March, 1805, the date of the statute in that behalf, was possessed of ten counterfeit notes of the Nantucket Bank, which is by law licensed and authorized as a bank within this commonwealth, knowing the same to be so counterfeit, with an intention to utter and pass the same, and thereby to injure and defraud the said Nantucket Bank.
The prisoner was tried before me, and the verdict was given on very satisfactory evidence. The objection now made to the indictment is, that the defendant is not therein charged with an intent to utter and pass the counterfeit notes within this commonwealth. That the indictment charges the offence in the words of the statute is not denied. When a man has the possession of the number of notes alleged in the indictment, with an intention of uttering and passing them for the fraudulent purpose expressed, he has done all that, in words, is necessary to constitute the offence. But the defendant’s counsel says that although it be not expressed, the statute meant that, to render the intention criminal, it must be an intention to pass within the commonwealth; and to prove this, it is said, and it is true, that if the prisoner had passed, with the worst intention, the same counterfeit notes in any other state, he could not be punished for it here ; and yet that passing is a more profligate and mischievous offence than the mere intention to pass. To this it may be answered, and it is true, that barely getting possessed of counterfeit notes, with an intention of passing them for a fraudulent purpose, is a criminal overt act, evincive of a most base and abandoned character, and deserving severe punishment. This is the offence described in the statute, and these are all the ingred ents which enter into the composition of it. To add to these the circumstances insisted on by the prisoner’s counsel would be to *129 add to the complete description given in the statute, and which there is nothing to lead us to conjecture was intended by the legislature, and in practice it would have a most pernicious effect. If it be necessary, to constitute the offence, to allege the intention to pass to be to pass within the commonwealth, then it will be necessary to prove it, and that evidence may be encountered by opposing testimony; and if, on the whole, * however clear [ * 135 ] the proof might be of the possession, and of the fraudulent intent and purpose, yet, if it was evident that the intention was to pass the bills in a sister state, or even if it should be doubtful whether that was the case, the defendant must be acquitted. What facility would be given, upon such a construction, to the commission of a most dangerous and detestable crime ! — a facility, which, I am very sure, the statute never intended.
Parsons, C. J.
This indictment pursues the words of the statute,
and if the offence proved be within the mischief of it, the conviction is right. The criminal intent alleged, and found by the verdict, is an intent to pass the forged bills as true, to defraud the Nantucket Bank, incorporated by the legislature of the commonwealth. It is objected to the verdict, that the jury have found it without evidence, because the testimony in behalf of the commonwealth proved an intent to pass the bills without the state. It is immaterial where the defendant intended to pass the bills. The Nantucket Bank might have been as effectually defrauded by passing them in Con-0 neciicut as in this county, and the conclusion the jury have drawn from the testimony is correct. The gist of the criminal intent alleged is to defraud the Nantucket Bank, and the passing the forged bills as genuine is only a mean to effect that fraud.
If the indictment had alleged that the intent to pass the bills was to defraud the citizens of any foreign state, it would deserve further consideration whether such intent be within the mischief provided against by the legislature, although it be within the words of the statute

New trial refused.