OF THE

## STATE OF MICHIGAN.

---

### JULY TERM, 1857.

---

PRESENT:

HON. SANFORD M. GREEN,  
HON. B. F. H. WITHERELL,  
HON. JOSIAH TURNER, ⎬ JUDGES.  
HON. BENJAMIN F. GRAVES,  
HON. E. H. C. WILLSON,

---

## THE PEOPLE *vs.* JOHN STEWART.

Section 8, Chapter 155, of the Revised Statutes, page 672, provides that every person who shall have in his possession any false, altered, forged or counterfeit bill, or notes, etc., of any banking company established in this State, or any other State or country, *with intent to utter or pass the same, or render the same current as true*, etc. The words "as true" refer both to the "intent to pass," and "render the same current;" and an indictment charging the possession of such bills, "with intent to utter and pass the same," omitting the words "as true," is insufficient.

Section 2 of the Act of 1855, relating to indictments (*Laws* 1855, *p.* 142), obviates the necessity of setting forth in the indictment a copy of the alleged forged paper, or counterfeit bills.

An averment in the indictment, that the bank whose bills are counterfeited is an incorporated company, in a place and State mentioned, is equivalent to an averment that it is *established* in such State.

It is not essential in an indictment for counterfeiting, to describe particularly the bills of the bank to which the forged bills are assimilated, as a general, and not a particular similitude, is all that is required in proof.

Error to Wayne Circuit.

*G. V. N. Lothrop,* for plaintiff in error.

*J. Knox Gavin,* for defendant in error.

By the Court, GREEN, J.

The plaintiff in error was indicted in the Circuit Court for the County of Wayne, for having in his possession, at the same time, ten similar, false, forged, and counterfeit bank bills, in the similitude of the bills payable to the bearer thereof, issued by the Manufacturers' Bank, at Providence, in the State of Rhode Island, purporting to have been issued by the Manufacturers' Bank, at said Providence, then being an incorporated banking company at said Providence, payable on demand to the bearer thereof, each for the sum of one dollar, and to be signed, etc., well knowing each of said bills to be false, forged, and counterfeit, " with intent to utter and pass the same." Upon this indictment, the defendant was tried and convicted, as having violated the provisions of Section 8, of Chapter 155, of the Revised Statutes, and judgment rendered upon such conviction. The record is brought into this Court for review, on a writ of error, and it is now claimed that the indictment does not set out any crime or offence under the laws of this State; that the alleged forged bills are not described with sufficient certainty; that the indictment does not aver that the Manufacturers' Bank was established in, or by the laws of any State or

country; and that it does not legally describe any bills of said Bank, of which the alleged forged bills are in the similitude.

1. It is alleged that the indictment is insufficient, because it does not aver that the said John Stewart had in his possession the bills mentioned therein, with intent to utter or pass the same *as true*. The language of the statute in question is as follows : " Every person who shall bring into this State, or shall have in his possession, any false, altered, forged or counterfeit bill or note, in the similitude of the bills or notes payable to the bearer thereof, or to the order of any person, issued by or for any Bank, or banking company established in this State, or in any of the British Provinces of North America, or in any other State or country, with intent to utter or pass the same, or to render the same current as true, knowing the same to be false, forged or counterfeit, shall be punished," etc. It was contended on the part of the prosecution, that the words " *as true*," above ·recited,·were connected only with the immediately preceding clause, and were not connected with or referable to the former clause, " with intent to utter or pass the same ;" and that the crime was complete, if the person charged had in his possession bills of the description therein contained, with intent to utter or pass them, whether as true or false. In support of this position, the case of Hopkins *vs.* The Commonwealth (3 *Metc.*, 460), is cited. The indictment, in that case, was under a statute which declared, that if any person should have in his possession within the State, any counterfeit Bank bill, etc., for the purpose of rendering the same current as true, or with intent to pass the same, knowing the same to be counterfeit, etc. The words *as true,* in that statute, evidently could not be referred to a *subsequent* clause, so as to qualify it, and it is apparent that the transposition of the clauses in question, changes the grammatical construction, and the relations of the words, and gives the sentence a different meaning.

83

In the case of Commonwealth *vs.* Cone (2 *Mass.*, 132), the indictment charged an intent to pass the bills as true.

It has been suggested, that the object of the clause of our statute under consideration, was to provide a punishment for having in possession counterfeit notes, with intent to pass them *as such*, in order that others might put them in circulation, or pass them as true. This is an evil which ought to be prevented or punished; but it appears to be precisely the evil intended to be reached by the latter clause, " with intent to render the same current as true." Does not one who has such bills in his possession, and intends to dispose of them as counterfeit to another, to be put in circulation as genuine, intend to render them current as true? Had the indictment been so framed as to charge possession with such an intent, it would, I think, unquestionably have been supported by such a state of facts. · It is not, therefore, necessary to give the clause under which this indictment was framed, such a construction as is claimed for it on the part of the prosecution, in order to prevent a failure of justice in the class of cases supposed; and I do not think it was intended to be so construed.

A very slight change of the punctuation, would render the construction claimed by the plaintiff's counsel, clear. If a comma were placed between the words *current*, and *as true*, there would hardly be room for doubt that the latter referred to both the clauses preceding, connected by the conjunction *or*.

The tenth section of the chapter referred to, seems to recognize this construction. It can hardly be doubted, that that section was intended to facilitate the proofs in this class of cases, when the Bank is situated in another State, and it would consequently be very difficult, if not impossible, for the prosecution to procure the attendance of the officers of the institution, in order to prove the forgery. Yet, if this section does apply to cases arising under the eighth section,

strict proof of all the material facts, according to the rules of the common law, might be required.

2. The objection that the alleged forged bills are not described with sufficient certainty, is met by the second section of the Act of 1855, relative to indictments. (*Laws of* 1855, *p.* 142.) That section, after enumerating a variety of cases, declares that, "*in all other cases* it shall not be necessary to set forth any copy of the instrument or writing, but it shall be sufficient to describe the same in such manner as would sustain an indictment for stealing the same."

3. The indictment alleges that the said Manufacturers' Bank is an incorporated company, at Providence, in the State of Rhode Island, but does not aver, in the language of the statute, that it was *established* there. We think, however, that the language of the indictment is equivalent to that contained in the statute, and is, therefore, sufficient in this respect.

4. The fourth objection, too, we think, is not well taken. It could be of no practical benefit to the respondent upon a trial, if the bills to which the forged bills were assimilated, were described. A general, and not a particular similitude, is all that is required in the proof. If more were required, no conviction could be had for either of the offences mentioned in the eighth section, for no exact similitude would ever exist between the false and the genuine bills.

The judgment of the Circuit Court must be reversed for the reason assigned, that the indictment does not set out any crime under the laws of this State.

Present and concurring, JOHNSON, BACON and WILLSON, J. J.