## COMMONWEALTH *vs.* EDMUND E. PRICE.

In a criminal case, in which the only evidence for the prosecution was the testimony of accomplices, the judge advised the jury to acquit, but instructed them that if upon the whole evidence they were convinced beyond a reasonable doubt of the guilt of the defendant, they should find a verdict of guilty. *Held*, that the defendant had no ground of exception.

An indictment for having a counterfeit bank bill at Boston " with intent then and there to utter and pass the same " is supported by evidence of possession with intent to utter and pass it at a place out of the state.

Possession of a counterfeit bill of a bank in this state, with intent to pass it in another state, is within the Rev. Sts. c. 127, § 8.

Under an indictment for having a counterfeit bank bill with intent to pass it, evidence that the defendant subsequently had in his possession other and different counterfeit bank bills is admissible to show guilty knowledge and intent.

An accomplice, who has testified to facts criminating the prisoner and himself, cannot afterwards decline to answer a question upon the ground that it will criminate himself. But if, after so declining, he offers to submit himself to the examination, a party who refuses the offer has no ground of exception.

INDICTMENT averring that the defendant on the 18th of September 1857 at Boston had in his possession a counterfeit bill for $500 of the Blackstone Bank, established at Boston, " with intent then and there to utter and pass the same," knowing it to be counterfeit.

At the trial in the municipal court of Boston at November term 1857, before *Nash*, J., George R. Cowee testified that the defendant brought this bank bill and others to him, unsigned, and at the defendant's request he filled up the signatures and handed the bills back to the defendant at Boston; that the defendant asked his advice as to the best place to pass the bills, New York or Portland, and he recommended Boston, but the defendant refused to have anything to do with passing them here; that finally they and Jacob S. Stanton went to Portland, and there divided the bills among them, the defendant handing this bill to the witness; that on their return to Boston they divided their profits; and that eight days afterwards, in New York, he saw in the defendant's possession counterfeit bank bills on banks in Rhode Island and New Hampshire.

The defendant objected to the evidence of the possession of

those bills; but the court admitted it, as bearing on the question of guilty knowledge or intent.

On cross-examination Cowee testified that he had been convicted of forgery and was now awaiting sentence, and that he testified in this case in the hope that it would make some difference in his sentence. He was then asked, " Who passed the $500 bill in Portland ? " and declined to answer, upon the ground that it might criminate himself; and the court ruled that he need not answer, because he had not been cautioned as to his rights, and had not gone so far in telling a part of the transaction, after having information of his rights, as to put himself beyond the protection of the rule. Other questions were put to this witness on cross-examination, which he at first in like manner declined answering, but, after partly answering them, finally withdrew his claim of privilege, and offered to answer all the questions to which he had interposed his privilege ; and the court so stated to the defendant's counsel ; but he declined to renew the questions.

Stanton testified that he saw Cowee give the defendant in Boston a bill for $500 on the Blackstone Bank, and the defendant took out a genuine bill for $5 and remarked that the signatures were very good; that they then went to Portland together, and upon their return divided the money between them ; but did not state what money this was, or how it was obtained, or whether any counterfeit bills were passed ; and on cross-examination declined upon the same ground as the other witness to answer the questions, " What portion of the money which was divided did you have ? " " Did you pass any bills in Portland ? " The court excused him for the same reason as Cowee.

The attorney for the Commonwealth admitted in argument that both Cowee and Stanton were accomplices of the defendant; and the court so instructed the jury, and further, at the defendant's request, instructed them that there was no corroboration of any material point, and that the testimony of Stanton was not to be treated as a corroboration of Cowee's, nor Cowee's of Stanton's. The defendant contended " that on the testimony of Cowee and Stanton it was not competent for the jury

to convict under this indictment." But the court "instructed the jury, that the evidence of the accomplices being unsupported by any corroboratory evidence, it was unsafe, on account of its corrupt and suspicious source, to convict upon it, without confirmation; and advised the jury to acquit; but that nevertheless it was competent for the jury to convict on the uncorroborated testimony of the accomplices alone; and if, upon the whole evidence, they were convinced beyond a reasonable doubt of the guilt of the defendant, their verdict should be guilty; otherwise, not guilty."

The defendant requested the court to instruct the jury " that under this indictment the defendant could not be convicted, unless it was proved that he had in Suffolk county in his possession the bill set forth in the indictment, and at that time intended to pass that identical bill in Suffolk county; and if the jury believed that the defendant did not intend to pass the bill in Suffolk county, but in Portland, the indictment was not sustained, and the defendant must be acquitted." But the court declined so to instruct the jury, and instructed them " that it was immaterial where the defendant intended to pass the bill; that the statute offence was complete, if the defendant had in his possession in Suffolk county said counterfeit bill, at the same time and place knowing the same to be counterfeit, and at the same time and place intending to pass the same as true elsewhere; and if said possession, said knowledge and said intent coexisted in Suffolk county at the same time, the fact that the place of actual uttering or passing contemplated was Portland, would not entitle the defendant to an acquittal." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*B. F. Butler & N. St. J. Green*, for the defendant. 1. The jury should have been instructed, as requested by the defendant, that it was not competent for them to convict upon the uncorroborated testimony of accomplices. *Rex* v. *Noakes*, 5 Car. & P. 326. They may have the power, but not the right, to convict upon such evidence. See *Commonwealth* v. *Porter*, 10 Met. 263.

2. The indictment charges that the defendant had a certain bill in Boston on a certain day, "with intent then and there to pass the same." This "then and there" refer to the place at which the defendant intended to pass the bill; (for the time and place of his having the possession with intent had already been stated ;) and cannot grammatically be referred to the intent and are not supported by evidence of an intent to pass without the Commonwealth.

3. The intent to pass elsewhere, without an intent to defraud, would not be indictable.

4. The evidence that the defendant eight days afterwards had in his possession in another state bills in no respect similar to that set out in the indictment should have been rejected. *Rex* v. *Smith*, 2 Car. & P. 633. *Rex* v. *Smith*, 4 Car. & P. 411. *The King* v. *Whiley*, 1 Lead. Crim. Cas. 185 & note.

5. Cowee and Stanton, having testified fully for the government without objection, were bound to answer fully as to facts making in favor of the defendant. 1 Greenl. Ev. § 451. *Foster* v. *Peirce*, 11 Cush. 437. *Chamberlain* v. *Willson*, 12 Verm. 491.

The defendant's right of exception is not taken away by Cowee's subsequent offer to testify. The defendant's counsel, not the witness, had the right to determine how the examination should be conducted.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. 1. The court are of opinion that the defendant has no legal ground of exception to the instructions which were given to the jury concerning the testimony of his accomplices. *Commonwealth* v. *Brooks*, 9 Gray, 299. *United States* v. *Kessler*, Bald. 22. *Regina* v. *Stubbs*, Dearsley, 555, and 7 Cox C. C. 48. 1 Greenl. Ev. § 380.

2. Nor can we sustain the exception taken to the instruction "that it was immaterial where the defendant intended to pass the bill." The only plausible reason for this exception is found in the form of the indictment, which alleges that the defendant had the counterfeit bill at Boston, "with intent then and there to utter and pass the same." In the first place, the words "then and there," in that part of the indictment, were needless. But,

without deciding that they may therefore be rejected as surplusage, we construe them as if they had been inserted before the words " with intent," so that they refer to the intent to pass, and not to the time and place of the intended passing. If a comma had preceded and followed the words " then and there," — " with intent, then and there, to utter and pass the same " — the suggested interpretation of the indictment would have been manifest. And the court will not arrest the course of justice, merely because pleaders are careless or unskilful in punctuation, or do not make such a collocation of words as renders their meaning perfectly perspicuous on the first reading.

3. The court have no doubt that the possession of counterfeit bank bills, in the similitude of the bills issued by or for any bank established in this state, knowing them to be counterfeit, and with intent to pass them in another state, is a punishable offence under the Rev. Sts. *c.* 127, § 8. See *Commonwealth* v. *Cone*, 2 Mass. 132.

4. The authorities warrant the admission, in this case, of the testimony that the defendant, several days after the passing of the bill mentioned in the indictment, had in his possession other counterfeit bills. Archb. Crim. Pl. (13th ed.) 475, 619. 1 Greenl. Ev. § 53. *Bottomley* v. *United States*, 1 Story R. 143.

5. The exception to the ruling, that Stanton, the accomplice, was not bound to answer the question put to him, on cross-examination, must be sustained. He must have been fully aware of his privilege, from the beginning, and should have claimed it earlier, in order to have secured it. If a witness consents to testify at all, so as to criminate himself as well as the defendant, in the matter on trial, he must answer all questions legally put to him concerning that matter. He cannot be allowed to state such facts only as he pleases to state, and to withhold other facts. *Foster* v. *Pierce*, 11 Cush. 437, & cases there cited. *Low* v. *Mitchell*, 18 Maine, 374. If he could be allowed so to do, injustice might be done to the defendant, either by the keeping back of testimony which would tend directly to his acauittal, or which would so discredit the witness as to induce the jury wholly to disregard his previous testimonv

The like exception to the ruling, that Cowee was not bound to answer certain questions, must have been sustained, if he had not subsequently offered to answer them. But, as he made such offer, and the defendant's counsel declined to renew the questions, that exception is overruled.   *Exceptions sustained.*