## Case No. 15,949.
### UNITED STATES v. O'NEILL.
[2 Sawy. 481; [1] 6 Chi. Leg. News, 224.]

District Court, D. Oregon. Dec. 20, 1873.

BRIBERY—INDICTMENT—SCIENTER.

An allegation that the defendant knowingly offered to give O. a bribe to vote, the said O. being then under twenty-one years of age, held to mean that the defendant knew O. was under age when he offered him the bribe.

[This was an indictment for bribery against Nicholas O'Neill. Heard on demurrer.]

Addison C. Gibbs, for the United States.

John F. Caples and Julius C. Moreland, for defendant.

DEADY, District Judge. The indictment in this case contains but one count, and that is similar to the first one in U. S. v. Hendric [Case No. 15,347]. The demurrer alleges that it does not state facts sufficient to constitute a crime, but no particular cause of demurrer is stated. On the argument the same objections to the sufficiency of the indictment were urged as in U. S. v. Hendric, aforesaid, and also that it does not appear from the indictment that the defendant knew Ollar, to whom it is alleged he offered the $2.50, to be a minor. The indictment alleges that the defendant knowingly offered to give Ollar this bribe to vote, the said Ollar being then under twenty-one years of age. Now it is not necessary to allege that he offered the money knowingly, because he could not have done that simple act unknowingly—without knowledge of the fact. The term "knowingly" was evidently intended by the pleader to apply to the whole allegation of offering to give the money to Ollar, a minor. There was no occasion to use it, except to qualify that part of the allegation which related to the non-age of Ollar. Doubtless the scienter might have been stated more artistically, and certainly, as, for instance, that Ollar not being qualified to vote, etc., because of his non-age, the defendant, well knowing the premises, did offer to give, etc. My impression is that the allegation is sufficient.

The demurrer must be overruled for the reasons here given, and in U. S. v. Hendric, aforesaid.