JOSEPH CHRISMAN, PLAINTIFF IN ERROR, V. THE STATE, DEFENDANT IN ERROR.

1. Corrupting Witnesses: INDICTMENT. In an indictment for attempting to corrupt a witness in a judicial proceeding, it need not be alleged that such witness had been sworn, recognized, or subpœnaed in such judicial proceeding.

2. ———: ———: EVIDENCE. When such judicial proceeding involved a trial upon an indictment for a crime or misdemeanor, it was not error to admit in evidence upon the trial of the case at bar the said indictment, with the name of such witness attempted to be corrupted endorsed thereon as a witness on the part of the state.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hazlett & Bates,* for plaintiff in error.

*William Leese, Attorney General,* for the state.

COBB, CH. J.

The plaintiff in error was indicted, tried, and convicted in the district court of Gage county for the offense of attempting to corrupt and influence, and of corrupting and influencing one C. R. Woodard, by offering to and paying him the said C. R. Woodard a sum of money to leave the county and go beyond the jurisdiction and process of the state, and not appear against him, or testify against him as a witness in a certain criminal proceeding then pending against him.

The defendant demurred to the indictment on the ground that the same did not contain facts sufficient to constitute a crime under the laws of the state of Nebraska, which demurrer was overruled.

A trial was had to the court, a jury being waived. The

court found the defendant guilty, overruled his motion for a new trial, and sentenced him to pay a fine of five hundred dollars and be imprisoned in the county jail for a period of thirty days, etc.

The first point presented by plaintiff in error in his petition in error, and urged in the brief of counsel, arises upon the overruling of the demurrer to the indictment. In order to the consideration of this point I copy the substantial part of the indictment:

"That Joseph Chrisman    *    *    *    being then and there charged with a criminal offense and duly indicted under lawful authority by the grand jury of said county, of the December term of the district court of said county in the year eighteen hundred and eighty-three, for the crime of cutting one C. R. Woodard with intent to kill him, the said C. R. Woodard, in the county of Gage, and state of Nebraska aforesaid, and he, the said Joseph Chrisman, being then and there held to bail under said charge to appear at the February term of the said district court aforesaid, the said court having jurisdiction of the said offense, unlawfully did then and there attempt to corrupt and influence, and did corrupt and influence one C. R. Woodard then and there being, by offering to and paying to him, the said C. R. Woodard, the sum of fifty dollars with the further offer and promise to the said C. R. Woodard, of the further sum of money of five hundred and twenty-five dollars to corruptly and unlawfully influence and procure him, the said C. R. Woodard, to leave the said county of Gage and state aforesaid, and go beyond the jurisdiction and process of said district court and secrete himself so that the said C. R. Woodard could not be obtained as a witness on the part of the state of Nebraska in the said action aforesaid ·against the said Joseph Chrisman aforesaid, the said C. R. Woodard being then and there a very important in said action, and in fact the prosecuting witness in the said cause so pending as aforesaid against

the said Joseph Chrisman. And so the grand jurors aforesaid do say that the said Joseph Chrisman then and there in the manner and form aforesaid, unlawfully and willfully did attempt to influence and did influence and corrupt the said C R. Woodard, a witness as aforesaid, by money and promises as aforesaid, well knowing that the said C. R. Woodard was a witness as aforesaid," etc.

The section of the statute under which this indictment was found is section 164 of the Criminal Code, and is in the following words:

" Sec. 164. If any person shall attempt to corrupt or influence any juror or witness, either by promises, threats, letters, money, or other undue means, either directly or indirectly, every person so offending shall be fined in any sum not exceeding five hundred dollars and imprisoned in the jail of the county not exceeding thirty days."

It is urged that the indictment fails to charge an offense under the provisions of the section quoted. There is an evident omission of the word witness where it should have first occurred in the form of indictment used. But I think it sufficiently appears on the face of the indictment that C. R. Woodard was a witness in the action then pending in said court and set out in the indictment. The indictment expressly alleges that the said C. R. Woodard was the prosecuting witness in said cause, and I am at a loss to perceive how he can be held to be any the less a witness, because he is the prosecuting witness.

I think the word witness is used in the section above quoted in a broad sense, and that it is not necessary that the witness should be alleged to have been either subpoenaed or recognized to appear and testify as a witness in the case. If I am right in this view, then it is sufficient in the indictment to describe the person corrupted, as a witness. Nor do I think that the use of the word prosecuting, as qualifying the word witness, vitiates or changes its meaning.

If the person accused is guilty of the offense charged, he generally knows who are the witnesses who can testify against him, as well before as after they are recognized or subpœnaed, and an interpretation of the law that would leave him free to corrupt them until after they are sworn or even recognized on subpœna is certainly inadmissible.

There was evidence tending to prove that the money was paid and promise made by the plaintiff in error to Woodard for the purpose of inducing him not to appear and testify at the trial.

There was no error in the admission of the indictment with the name of Woodard endorsed thereon as a witness as evidence at the trial. As we have seen, evidence that Woodard was a witness on the trial of the case in which the indictment was the principal pleading was responsive to the principal point made in the case.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.