The opinion of the court was delivered by
Miller, J.
The defendant, convicted of attempting to prevent a witness from testifying, takes this appeal, relying on various bills of exception to the admissibility of testimony and to the charge of the court.
The indictment has reference to an investigation of charges against members of the city council, intended to be made by the *1197 grand jury, and charges that the defendant attempted by persuasion to prevent Charles Marshall from appearing and testifying in support of the indictments about to be preferred against the councilmen. The conviction of the accused is under See. 880 of the Revised Statutes: “ Whoever shall be convicted of bribery, or attempting to bribe, any witness, or by any force or t hreat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any of the stages of the prosecution, from making the oath in (any) order to obtain a warrant of arrest to the final trial inclusive, from appearing or testifying as a witness, shall be sentenced,” etc.
The first bill to which our attention has been directed is to the admissibility of the testimony of Marshall as to the conversation between him and the accused, in the course of which the State claims he attempted by persuasion to prevent Marshall from appearing before the grand jury. It appears, from the bills, the defendant visited the witness at his house, referred to the intended indictment of the councilmen for bribery, then the subject of rumor and newspaper comment, and used the alleged persuasion charged .on the accused to prevent Marshall from appearing before the grand jury as a witness in the investigation of the bribery charges. The State could prove the offence of the-accused only by testimony of the conversation, and that conversation necessarily referred to the bribery charges against the councilmen then supposed to be intended to be laid before the grand jury. Marshall, in testifying, naturally stated the defendant’s visit; the reference by defendant to the approaching investigation before the grand jury, and Marshall testified that the conversation related to the subject of that investigation; that is, that the suspected councilmen had sought to obtain money of the railroad company for their votes, as councilmen, for certain railroad privileges the company sought from the city council. It is to the admissibility of Marshall’s testimony that in his conversation with the accused allusion was made to the suspected councilmen and their supposed effort to obtain money for their votes, that the bill of exceptions was reserved. It is urged on us, the testimony objected to tended to prove improper conduct on the part of the councilmen, and had no relation to the charge against the accused, not on trial for conspiracy with the council - men, but only on the charge of attempted persuasion to prevent *1198 Marshall from testifying. It is claimed Marshall should, in his testimony, have been restricted to the statement of the persuasion, not to appear as a witness, charged to have been employed by the accused. We think the supposed charges against the councilmen were so linked with the criminal persuasion for which the accused was indicted, as to necessitate Marshall’s testimony of the conversation. The State was entitled to prove there was an investigation pending, or about to be brought before the grand jury; that accused, aware of this approaching investigation, and that Marshall was a necessary witness, approached him with persuasion, he should not appear and testify. We can not appreciate that Marshall’s testimony went beyond the issue, and to exclude in his testimony all reference to the proposed investigation before the gran i jury, alluded to in the conversation between the accused and Marshall, would be to strip the criminating testimony against the accused of its force and effect. We think the testimony was properly admitted.
The same line of reasoning, we think, applies to the exceptions reserved by defendant to the admissibility of the indictments found against the councilmen. It was a part of the case of the ’State to prove the prosecution against the councilmen as a judicial proceeding, in aid of which Marshall was to give testimony, and to prevent the giving of which testimony was the object of the persuasion for which the accused was indicted. Offered for that purpose only, in our view, the indictments were properly admitted.
Another exception reserved by defendant’s counsel was to the admission of the testimony of the mayor that he had not sent the accused to Marshall, as stated by the accused, testified to by Marshall. The testimony of the mayor tended to prove that the persuasion charged to have been used by the accused on Marshall was accompanied with a false statement designed to make more effective the persuasion. The testimony that the accused stated to Marshall the mayor had sent him, the accused, had gone before the jury. If true, it tended to mitigate the intent of the accused in his visit to Marshall. Whatever the tendency of' the statement of the accused as to the mayor’s agency, if in point of fact the asserted suggestion or request of the mayor was a fabrication of the accused to enforce 'on Marshall’s mind the alleged persuasion, the falsehood then was pertinent to show the intent of the accused in *1199 holding out the persuasion. The testimony of the mayor went to show that the persuasion was not innocent, but marked by the deliberate falsehood .to sustain it. We find no merit in the bill.
The defendant reserved bills to the charge of the court, as to the weight the jury should give that charge. In varied forms the question as to the functions of the judge and jury in criminal cases has been frequently presented to this court. The statute originally of 1858, now Sec. 991, of the Revised Statutes, and the somewhat broader enunciation in the Oonstitution of 1879,' have been interpreted to affirm the judicial function of giving the jury the law of the case, and while the right of the jury to determine the issue of fact and law has always been recognized, no decision of this court has ever detracted from the weight due the instructions of the court on questions of law. The statute that preceded, intended, and the organic law, as it stands, intends that the jurv shall heed the law as it is given to them by the court. By that is meant, the charge shall have its moral weight with the jury, just as the juror’s oath is presumed to exert its influence when he goes into the box. The exposition so often given substantially, that the jury should apply the law as given by the court, and while the jury has the physical power to disregard it, they are morally bound to apply the law as announced by the court, we think is the correct application of the provision of the organic law. Indeed, after the frequent judicial utterances on this subject, the question should be deemed closed. We do not appreciate that the decision in the Spencer case, 45 An. 1, at all conflicts with previous decisions. The jury was instructed in this case they must find the facts, and if any crime results, must apply the law given by the court, but the court also instructed the jury: “ A jury can not rightly exercise the physical power of disregarding the instructions of the court upon the law any more than they can rightfully find a verdict directly opposed to the proof of facts.” We shall be careful always to see that the legal instructions are correct. Courts of the last resort are not to set aside verdicts, on the form of statement used to announce the trite proposition contained in the organic law that the juries are judges of fact and law, if the substance of the constitutional mandate is observed, and the law, in other respects is correctly stated. We think the charge as given meets the test of the Constitution and our jurisprudence. State vs. Johnson, 30 An. 904; State vs. Ford *1200 et als., 37 An. 443; State vs. Cole, 38 An. 846. This disposes of the exceptions to the judge’s charge on this point.
There are exceptions to the charge that to constitute the offence, it was not necessary that a criminal prosecution was actually pending before the grand jury, or that Marshall was actually under a summons to appear, when the alleged persuasion was used. These exceptions virtually affirm that the bribery statute has no operation to punish attempts to bribe or prevent witnesses from testifying, unless there is a criminal case pending, or an investigation actually pending at the moment of the persuasion. This discussion belongs to the consideration of the statute, its scope and purpose.
Our view of the statute will answer this last and other contentions. The statute badly worded and constructed, still presents, we think, the purpose to guard against improper interference with witnesses necessary in criminal prosecutions. Hence the language following the attempt prohibited “ to prevent any witness in a criminal case in any of the stages of the prosecution ‘ to the final trial inclusive,’ from making the oath to obtain the arrest from appearing or testifying as a witness.” The investigation before the grand jury on indictments laid, or proposed to be laid, before it, is the first and most important phase of the prosecution. The investigation is, of course, in advance of the finding of the indictment. It would, in our opinion, be doing violence to the meaning and language of this statute to hold it has no application to an attempt' to prevent a witness, known to be such by the accused, from appearing as a witness in support of an indictment, laid or proposed to be laid before the grand jury. When the indictment is found there is techni ally a criminal case, and then the argument concedes any attempt to prevent the witness from testifying' would be a crime. But the argument insists that until indictment is found, there is no “ case,” and hence there is no crime in improper appliances to prevent witnesses from appearing. The argument finds its answer in the phrase “ all stages of the prosecution” in the statute. The reasoning of the defence gives the protection of the statute to the administration of public justice after the indictment is found, but leaves wide open to the bribe-giver the portals of the grand jury room. Without witnesses there can be no indictments, and the construction of the defence leaves unpunished those who, through bribes or persuasion, seek to defeat the'action of the body charged with indicting for crime.
*1201 The motion in arrest presents, in another form, the proposition of the defence, that to constitute the offence there must have been at the time of the persuasion a criminal case or prosecution, or investigation, and it is insisted the indictment does not charge there was any stage of any criminal prosecution, in reference to which Marshall was to be a witness. It is urged, in this connection, too, that the indictment does not follow the statute. Support for this view, it is claimed, is derived from State vs. Taylor, 44 An. 967, and State vs. Tisdale, 41 An. 388. The first decision is, we think, adverse to a technical construction of the statute. It held that one might be a witness in the sense of the statute, though not summoned. In the other case it was held the indictment need not aver the competency of the witness or materiality of his testimony. The decisions do not, we think, sustain defendant’s contention. We have analyzed this statute. It speaks of a witness in any stage of a prosecution. It does not require, as was held in the case of State vs. Tisdale, 41 An. 338, that he should have been summoned, nor does the statute imply that at the moment the prosecution should be pending. If the prosecution is in contemplation, and aware that it is about to be begun, a party, with the view to defeat the investigation, approaches one known to be an indispensable witness, and by bribes and persuasion attempts to prevent him from appearing or giving testimony, in our view the crime of guilty persuasion is accomplished. The indictment in this case charges the indictments against the councilmen were about to be preferred; that Marshall was a witness; that accused attempted, by felonious and unjust solicitation, to hinder and prevent him from appearing and testifying as a witness in support of the indictment. We are dealing, it is true, with a statutory offence. We think the indictment sets out substantially the offence. Identical words are not essential. See State vs. Smith, 5 An. 340; State vs. Price, 37 An. 215, 219; 2 Gallisonn, 18. It is enough that the offence prohibited by the statute, is set forth with substantial accuracy, as is the rule announced in the text books and decisions. We think the allegation that indictments were about to be laid before the grand jury may be accepted as equivalent to the averment of a judicial proceeding; the indictment charges Marshall was a witness to support the indictments, and the accused knew it when he approached Marshall. It is claimed that the indictment does not show where the indictment *1202 was pending. If such express allegation is to be deemed essential, we think the venue in the indictment answers the objection. Under our law it is provided that the venue in the margin shall be deemed a statement of all the facts stated in the indictments; by another salutary provision objections of this nature must be taken before trial. Revised Statutes, Secs. 1062, 1064. The defendant’s counsel have made an able and elaborate argument, which has had our careful attention, to support the alleged objections to this indictment, on the theory it charges, no criminal case or investigation pending, or where pending, or that Marshall was a witness, and that defendant knew of such pendency. We think the indictment is sufficient in these respects.
In supporting the motion in arrest of judgment the defendant insists that the statute does not recognize persuasion as an attempt, punishable as a crime. Persuasion is not the attempt but the means of making the attempt effective. The statute, in our view, punishes attempts by persuasion or other means to prevent witnesses from appearing or testifying. Reason suggests that such attempts should be punished, and the statute announces that purpose. The defendant’s construction is that the crime is committed only, when the witness is actually prevented from appearing or testifying.' That is', the successful attempt to prevent a witness from testifying is a crime, but the attempt that fails, though marked by all the bad intent, and defeated only by the integrity of the witness who is approached, according'to the theory of the defence, is to go unpunished. To apply this theory in this case, if Marshall had been prevented from appearing the accused could have been punished, but because the persuasion of the accused proved futile, therefore his attempt on Marshall’s integrity was innocent. In our view, statutes to protect the administration of justice would fall short of their purpose if improper solicitations to witnesses were not punishable, unless the witness succumbed and failed to testify. We can not give that narrow construction to this statute. Reason and the terms of the statute forbid it. We read this statute: “ Whoever shall attempt by persuasion or other means to prevent a witness from appearing or testifying shall be sentenced,” etc. We have given attention to defendant’s argument on this point. We note his reference to the act of 1869, and his view of the logical and grammatical arrangement of the section. We are dealing with this statute as we find it in the *1203 Revised Statutes, and it must be construed as if it never had been the subject of the enactment of 1869. Our construction is to be according to the natural meaning of words and the legislative purpose* The position of a semicolon or of a comma, maybe deemed of minor importance in ascertaining the scope of the statute. The first line of the section places bribery and attempting to bribe a witness on the same footing. The attempt, in the view of the statute, might be by force, threat, intimidation or persuasion. Persuasion may be more effective to enforce the attempt than other means. The statute, hence, makes an offence the attempt by persuasion to prevent a witness from testifying. To disconnect “attempting” with what follows in the section, i. e. by persuasion to prevent, etc., is, we think, to destroy the force of the section and its obvious purpose. We have not discussed all the phases of defendant’s argument on this branch of the case. They have had our attention. We hold that the attempt by persuasion to prevent a witness from testifying is an offence under the statute.
Our attention has been directed to the special charges asked for by defendant. In our view they were covered by instructions given. One that the defendant was not tried for bribery or perjury was not calculated to confine the attention to the real charge, .but had a tendency to confuse the jury. We think it was rightfully refused.
The case has had our best attention, and our conclusion is there is no error on which this verdict can be reversed.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.