JAMES L. GANDY v. STATE OF NEBRASKA.

FILED DECEMBER 21, 1906. No. 14,884.

1. **Witness, Bribery of:** INFORMATION. An information for the crime of attempting to corrupt a witness must allege that the person sought to be corrupted was a witness; that the defendant knew such person to be a witness, or must state such facts constituting the offense as show conclusively that the defendant had such knowledge.

2. ————. One who has not been summoned or recognized as a witness in a pending suit, and who is not acquainted with either of the parties thereto, and has no knowledge of any fact either direct or collateral which may be the subject of inquiry therein, is not a witness within the meaning of section 164 of the criminal code.

3. ——: EVIDENCE. On the trial of one charged with the crime of attempting to corrupt a witness, it is reversible error ;o allow the state to introduce evidence tending to show that the defendant offered a person the sum of $500 to steal a written instrument called a certain power of attorney, where the information contains no charge of that kind or nature.

ERROR to the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Reversed.*

*Edwin Falloon, C. F. Reavis* and *S. P. Davidson,* for plaintiff in error.

*Norris Brown, Attorney General* and *W. T. Thompson, contra.*

BARNES, J.

James L. Gandy, hereafter called the defendant, was convicted of a violation of section 164 of the criminal code, which provides: "If any person shall attempt to corrupt or influence any juror or witness, either by promises, threats, letters, money, or any other undue means, either directly or indirectly, every person so offending shall be fined in any sum not exceeding $500 or imprisoned in the penitentiary not more than five years nor less than one year." From the judgment and sentence of the district court for Nemaha county based on such conviction he brings the case to this court by a petition in error. His petition contains a large number of assignments, but few of which will be considered in this opinion.

1. The first question to be determined is defendant's contention that the trial court erred in overruling his demurrer to the amended information. It is urged that the omission to allege that the defendant knew the person sought to be corrupted was a witness renders the information fatally defective. In support of this our attention is directed to the case of *State v. Howard,* 66 Minn. 309, where it was said: "An indictment for the crime of offering a bribe to a juror, under the provisions of Gen. St.

1894, sec. 6348, must directly allege that the person to whom the bribe was offered was a juror; that the defendant knew it; also, what was offered, naming it, and the fact that it was of value; and that it was offered with intent to influence the action of the juror as such." An examination of the Minnesota statute discloses that, like our own, it fails to set forth all that is essential to constitute the offense intended to be punished. It will be observed by an examination of the section of our statute on which this prosecution is founded that it simply names or defines the crime sought to be punished by its legal result, and does not purport to set forth all of the elements of the offense. In such a case an indictment or information in the words of the statute is not sufficient. *State v. Carpenter*, 54 Vt. 552; *State v. Smith*, 11 Or. 205, 8 Pac. 343; *Collins v. State*, 25 Tex. Supp. 204. And this does not conflict with the other well-established general rule that an indictment or information for a statutory crime is generally sufficient if it follows the language of the statute, for this is the exception to such general rule. It is claimed by the state, however, that *Chrisman v. State*, 18 Neb. 107, announces a contrary doctrine. We do not so understand that decision. The question there decided was whether the indictment charged that the person sought to be corrupted was a witness. And it was held that the language of the indictment was sufficient to so charge. It may be stated, in passing, that the indictment in that case contained the allegation that the defendant well knew that the person sought to be corrupted was a witness. We are therefore of opinion that in such case the information should charge that the defendant knew the person sought to be corrupted was a witness, or should contain such a statement of facts as would lead to the irresistible conclusion that the defendant had such knowledge. The information in this case charges in express terms that Fisher was a witness in the civil case of Gandy v. Estate of Bissell (deceased), and then sets forth facts relating to the conduct of the defendant which, if true, show conclusively that

he knew Fisher was to be a witness in that case. We therefore hold that the information is sufficient to charge a violation of the section in question, and the demurrer thereto was properly overruled.

2. It is also contended that the evidence does not support the charge contained in the information and is insufficient to sustain the verdict, for the reason that it shows conclusively that Fisher was not a witness within the meaning of section 164 above quoted. This requires us to determine who is a witness within the meaning of the statute on which this prosecution is founded. A witness, in the strict legal sense of the term, means one who gives evidence in a cause before a court. *Barker v. Coit,* 1 Root (Conn.), 224. In 29 Am. & Eng. Ency. Law (1st ed.), p. 533, note, it is said a witness is "a person who, being present before a court, magistrate, or examining officer, orally declares what he has seen or heard or done relative to a matter in question." When the books speak of a witness, they always mean one who gives oral testimony. *United States v. Wood,* 14 Pet. (U. S.) 455. In *Bliss v. Shuman,* 47 Me. 248, it was said: "The word witness is a most general term, including all persons from whose lips testimony is extracted to be used in any judicial proceeding." If we were to apply this rule, it could not be contended for a moment that Fisher was a witness. It is our opinion, however, that the word "witness," as used in the statute in question, should receive a broader and more general definition. 8 Words and Phrases, p. 7511, defines a witness to be one who has knowledge of a fact. See, also, *State v. Desforges,* 47 La. Ann. 1167, 17 So. 811. A witness is one who has knowledge of a fact or occurrence sufficient to testify in respect to it. *In re Losee's Will,* 34 N. Y. Supp. 1120. We are unable to find a broader and more general definition of the word than those above quoted. Applying this rule to the facts disclosed by the evidence in this case, we are satisfied that Fisher was not a witness within the meaning of the statute. He testified

53

positively that he was a stranger in Nebraska, that he had never heard of the case of Gandy v. Estate of Bissell; that he never knew any of the parties to the action; that he knew nothing in regard to any fact relating to it; and that he never intended to be a witness in that case. His evidence was that Gandy sought to induce him to become a witness; that he paid him a certain sum of money, trifling in amount; told him to go to the house of one of his tenants, and that later he would tell him what he wanted him to testify to. He also said that Gandy offered him $500 to steal a certain writing, called "a power of attorney," from one Hawley, who he was told was a witness in the case above mentioned. So, it is apparent that, if the evidence of the prosecution is true, when Gandy approached Fisher he (Fisher) was not a witness within the meaning of the statute, and never intended to become one. So, it would seem that the defendant's contention that the evidence discloses an attempt to suborn perjury, and does not support a charge of attempting to corrupt a witness, is well founded. While the action of the defendant was reprehensible in the extreme, and well calculated to pervert justice, yet we are satisfied that it is not covered by the statue under which the prosecution is brought. The facts of the case present a matter for proper legislative rather than for judicial action. So, we are of opinion that the evidence in this case is insufficient to support the verdict.

3. It is further contended that the court erred in permitting the witness Fisher to testify, over proper objections, that the defendant offered him $500 to steal the power of attorney above mentioned. An examination of the information discloses that no such charge is contained therein. Neither is that matter mentioned in setting out the facts constituting the crime charged. So while it is not necessary to determine this question, yet it is not improper for us to say that the rule is quite general that to receive evidence on the part of the prosecution of facts tending to prove other and extrinsic charges which relate

to some offense not contained in the information, on the trial of one charged with crime, is reversible error.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.