(63 South. 600.)

No. 20,158.

STATE v. NEJIN.

(Dec. 1, 1913.)

*(Syllabus by the Court.)*

OBSTRUCTING JUSTICE (§ 5*) — ATTEMPT TO BRIBE WITNESS—WHAT CONSTITUTES OFFENSE.

Where one attempts to bribe a witness to testify falsely in a criminal case which has been appealed to a district court, he violates section 880 of the Revised Statutes, denouncing an attempt to bribe a witness to testify falsely in a criminal case in any stage of the proceeding.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 14; Dec. Dig. § 5.*]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

A motion to quash an information, charging F. A. Nejin with attempting to bribe a witness, was sustained, and the State appeals. Reversed, with directions.

R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State. E. P. Mills and C. D. Hicks, both of Shreveport, for appellee.

BREAUX, C. J. The accused was charged by information with having attempted to bribe a state witness, F. Johnson, on the 9th day of June, 1913, in the First judicial district court of this state.

Prior to the attempted bribery, the case had been appealed from the city court of the city of Shreveport.

Defendant, in the case in which it was charged that an attempt was made to bribe a witness, was convicted in the city court of retailing intoxicating liquors without a license. He was sentenced in the city court to pay a fine of $500, and to serve a term of six months on the public works. The defendant moved to quash the indictment. The grounds were that the case was on appeal from a sentence rendered by the city court of Shreveport; that it came up to the district court, a judgment was pronounced, and the case was remanded to the city court for execution; that on the 26th of April, 1913, upon motion of defendant's counsel, the district court recalled and annulled the judgment it had previously rendered, on the ground that it had no jurisdiction of the appeal and decreed that all proceedings in the district court were null and void; that the case was appealable to the Supreme Court, and not to the district court, and that Johnson could not be a witness whether he stayed or went away from the jurisdiction of the court; that no appeal was taken to

the Supreme Court, and that the final trial in the case before the city court had taken place before the alleged attempt to bribe was made.

The facts are as alleged in the motion to quash. The motion was sustained for want of jurisdiction. No one questioned the validity of the judgment dismissing the appeal for want of jurisdiction.

There is no question but that the alleged attempted bribery of Johnson by the accused was after the appeal had been filed in the district court, but before this court decided that it had no jurisdiction.

The state through the district attorney contends that the offense was committed while the case was on the docket of the district court, and before its dismissal for want of jurisdiction; that it matters not what disposition was made of the case after-ward, the defendant was tampering with a state witness that he thought would appear as a witness on the trial.

It is true, as stated by the district attorney, that section 880 of the Revised Statutes denounces bribery or attempts to bribe a witness in a criminal case in every stage of the proceedings.

There were proceedings pending in court.

This court decides that as the act was committed at the time before mentioned it is denounced by law. We have found one precedent in support of the position; none against it. A town council was without jurisdiction, none the less the accused was found guilty who had attempted to bribe a member of the council. State v. Ellis, 33 N. J. Law, 102, 97 Am. Dec. 708; State v. Desforges, 47 La. Ann. 1201, 17 South. 811.

The attempt to bribe is sufficient, McClain, vol. 2, p. 898.

It is therefore ordered, adjudged, and decreed that the judgment annulling the information in this case and the proceedings leading thereto are avoided, annulled, and reversed. It is ordered, adjudged, and de-creed that the information heretofore an-nulled be and the same is hereby reinstated, and 'the case proceeded with in accordance with law.