OVERTON, J.
Defendant appeals from a sentence at hard labor, based on a verdict rendered by a jury convicting him on an indictment charging that—
He “willfully and unlawfully did attempt to bribe and did attempt to persu.de one J. D. Langston, who was then and there a witness in a criminal case in this parish and state, to keep him, the said witness, from making oath in order to obtain a warrant and from testifying as a witness in said criminal case, the said criminal case being then and there the State of Louisiana v. Sam Kennedy.”
Defendant has filed in this court an assignment of errors. He assigns as one of the errors:
“That the indictment under which the accused was tried and convicted discloses no crime known to the laws of the state of Louisiana.”
Section 880 of the Revised Statutes, under which the charge against.defendant was preferred, reads as follows:
“Whoever shall be convicted of bribery or attempting to bribe any witness, or by any force, or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any of the stages of prosecution, from making the oath in any [sic] order to obtain a warrant of arrest, to the final trial inclusive, from appearing or testifying as a witness, shall be sentenced to imprisonment at hard labor in the penitentiary, not less than one nor more than five years.”
In the case of State v. Desforges, 47 La. Ann. 1167, 17 South. 811, it was held that the attempt denounced by the statute relates not only to the bribery of a witness so as to make the attempt to bribe one, for the purposes stated in the statute, a crime, but also to the act of preventing a witness by force, threat, or intimidation of any kind, or by persuasion, from appearing or testifying, etc., so as to make an attempt to prevent by persuasion or by any of the remaining means, stated, likewise crimes. This interpretation was followed in the case of State v. Sullivan, 125 La. 560, 51 South. 588. Therefore, adopting that interpretation as the correct one, the statute denounces, as crimes; the bribing of a witness in a criminal case, or the attempt to bribe one, or the preventing or attempting to prevent by force, threat, or intimidation of any kind, or by persuasion, such a witness, from appearing and testifying, in any of the stages of prosecution, from making the oath in order to obtain a warrant of arrest, to the final trial inclusive. The statute, therefore, does not denounce as a crime the attempt to bribe a witness in a criminal case not to make the oath to obtain a warrant of arrest, nor the attempt to prevent such a witness, by persuasion, from making the oath for that purpose, but only the bribing or attempt to bribe a witness in such a case, or the prevention, or attempt to prevent, by persuasion, etc., a witness from appearing or testifying therein, at any of the stages of prosecution indicated.
The indictment in this case, however, charges not only an attempt to bribe and persuade a witness from appearing or testifying, but also an attempt to bribe and persuade him not to make the oath to obtain a warrant of arrest. In so far as the indictment charges *617 the latter, it charges no offense. True, in the case of State v. Desforges, cited supra, there occurs, on page 1200 of 47 La. Ann., on page 811 of 17 South., of the report, in which the case is published, a dictum that indicates that the statute denounces the atteprpt to bribe or persuade a witness not to make the oath to obtain a warrant a crime; but the expression, in so far as it so indicates, was wholly unnecessary to the decision, and is purely obiter.
It might be argued, however, that that part of the indictment charging an attempt to bribe and persuade the witness not to make the oath should be treated as surplusage, and disregarded, and that the general verdict of guilty, rendered in this case, and the sentence based thereon, should be upheld, as the remainder of the charge is valid and sufficient to sustain both the verdict and the sentence.
Granting, however, that the part of the charge, mentioned in the preceding paragraph, may be stricken from it, still we are not of the opinion that a valid charge would remain. The indictment does not charge at what stage of the prosecution it was sought to prevent the witness from appearing and testifying, that is to say, whether from appearing and testifying at the preliminary trial, or before the grand jury, or upon the final trial, or whether it was from''appearing and testifying at any stage' of the prosecution, from the making of the oath, in order to obtain a warrant of arrest, to the final trial inclusive. The stage of the prosecution is an element of the offense, and should have been alleged in some appropriate form. True, the indictment alleges that the' witness was a witness in a criminal case, and that an attempt was made to prevent him from appearing or testifying therein; but this is not sufficient. The allegation is broader than the statute. Words would have to be supplied to limit the charge to that denounced by the statute. The allegation includes an attempt to prevent a witness, in a motion for a new trial, from appearing or testifying, when such an attempt, though reprehensible, is not included in the crime denounced by the statute, although such a motion is properly one in the case, as is also such a witness. The statute, by confining the crime to preventing or attempting to prevent, by the means stated, a witness in a criminal case from appearing or testifying at any of the stages of thp prosecution, from the making of the oath, etc., to “the final trial inclusive,” excludes, by the phrase in quotations, an attempt to prevent a witness, in a motion for a new trial, from appearing and testifying therein, since that motion follows the final trial.
For the reasons assigned, the verdict and sentence appealed from are annulled and set aside, and this case is remanded to the end that it may be proceeded with as the law directs, upon a valid indictment.
ST. PAUL, J., concurs in the decree.