CALOGERO, Justice.
Defendant, Nolan J. Dauzat, Jr., was charged with two counts of violating R.S. 14:122 (Public Intimidation). The Bills of Information charged that he threatened violence upon August Bordelon and Clifton P. Mayeux with the intent of influencing their testimony. These threats occurred during the course of a civil trial in which defendant’s mother was plaintiff. That lawsuit was entitled Rita Sayer Dauzat v. Clifton P. Mayeux d/b/a Mayeux’s Baking Company and Firemen’s Fund Insurance Company, number 32,271 on the docket of the Twelfth Judicial District Court.
After a trial by jury, defendant was found guilty of two counts of attempted public intimidation and was sentenced to two and one-half years on each count, the sentences to run consecutively. During the course of his trial, eleven bills of exceptions were reserved but none were perfected. Defendant has appealed and relies upon errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. See La.Code Crim.Proc. Art. 920(2).
The particular error on the face of the record that defendant advances herein is that the Bills of Information were defective for failure to state an essential element of the crime[1] in that they failed to state “what particular trial was in question at the time, or at what stage of the proceedings this threatening of violence is supposed to have occurred.”
The first asserted information deficiency, failure to allege the particular trial at *593 which the attempted intimidation occurred, is without merit. The statute[2] does not specify or lend itself to the conclusion that the Bill of Information must specify the particular trial, since such is not an essential element of the offense. A bill of particulars is available to identify the particular trial.[3]
The second asserted deficiency, the failure to state in the Bills of Information the stage of the proceedings at which the threatening of violence allegedly occurred, is based upon the similarity of R.S. 14:118 (Public Bribery) to R.S. 14:122 (Public Intimidation).[4] and the case of State v. Brooks, 154 La. 614, 98 So. 41 (1923). The argument is that since the statutes are so similar the same elements of proof are applicable to both. Since Brooks declared invalid an indictment for public bribery which failed to charge “at which stage of the prosecution” an alleged bribe occurred, then we should similarly hold invalid the indictment now before us, relative to public intimidation, because it does not charge the stage of prosecution at which the reprobat-ed conduct took place.
That argument is without merit. The statute under which Brooks was -decided read,
Whoever shall be convicted of bribery or attempting to bribe any witness, or by any force, or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any of the stages of prosecution, from making the oath in any (sic) order to obtain a warrant of arrest, to the final trial inclusive, from appearing or testifying as a witness, shall be sentenced to imprisonment at hard labor in the penitentiary, not less than one nor more than five years. 154 La. at 615, 98 So. at 42.
That statute has since been amended in several particulars including deletion of the phrase “in any of the stages of prosecution.” That phrase gave rise to the decision in Brooks, as this Court held that the stage of the prosecution was an essential element of the offense under the statute as it then read. 154 La. at 617, 98 So. at 42.
The present statute does not contain the words “in any of the stage of the prosecution,” but rather prohibits public intimidation of a witness simply “upon a trial or other proceeding.” The Bills of Information charged that the defendant did “threaten violence upon . . . who was about to be called as a witness upon a trial before the Twelfth Judicial District *594 Court with the intent of influencing his testimony.” (Emphasis added)
The essential elements constituting the crime of public intimidation under the present statute are adequately contained in the Bill of Information. It is essential to the crime that the intimidated witness was a witness upon a trial. What particular trial or at which stage of a given trial the intimidation occurred are not essential elements of the crime, public intimidation. Defendant’s means of discovering the particular stage and/or the particular trial, if indeed he is unaware of such, is to file a motion for a bill of particulars.
For the above assigned reasons, the conviction and sentence are affirmed.

. La.Code Crim.Pro. Art. 464: “The indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.”

. R.S. 14:122(3) reads: “Public intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(3) Witness, or person about to be called as a witness upon a trial or other proceeding before any court, board or officer authorized to hear evidence or to take testimony:”

. Official revision comment b to article 464, see footnote 1, supra, explains, “This article provides a simple form of indictment, wherein only ‘the essential facts constituting the offense charged’ need be set forth. (Emphasis supplied) This rule clearly contemplates that the details of the alleged crime are not part of the indictment, but are to be procured through a bill of particulars.”

. R.S. 14:118. Public Bribery
“Public Bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty: . . .
“(4) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.” (Emphasis added)

R.S. 14:122. Public Intimidation

“Public Intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty: . . .
“(3) Witness, or person about to be called as a witness upon a trial or other proceeding before any court, board or officer authorized to hear evidence or to take testimony.” (Emphasis added)
Further similarity between the foregoing statutes is found in the fact that both sections appear under the same sub-part B of Part VII, “Offenses Affecting Organized Government” of Title 14, it is argued.