STATE OF MINNESOTA v. SAMUEL CODY.[1]

June 16, 1896.

Nos. 9852—(64).

**Uttering Forged Instrument—Indictment.**

 G. S. 1894, § 6702, provides that "a person who, knowing the same to be forged or altered, and with intent to defraud, utters, offers, or disposes of, or puts off, as true, or has in his possession, with intent so to utter, offer, dispose of, or put off,  * * * a forged will, deed, certificate, indorse-

[1] Reported in 67 N. W. 798.

ment, record, instrument, or writing, or other thing, the false making, forging, or altering of which is punishable as forgery,—is guilty of forgery in the same degree as if he had forged the same." *Held*, that an indictment charging the defendant with having fraudulently and feloniously uttered and disposed of a forged instrument, then knowing the same to be forged, but omitting the words "as true," is insufficient.

Error to the district court for St. Louis county. Defendant was convicted of the crime of uttering a forged instrument. A motion in arrest of judgment was denied by the court, Ensign, J., and defendant was sentenced to confinement in the state prison for five years and one month. Reversed.

*John H. Norton*, for plaintiff in error.

*George E. Arbury* and *H. W. Childs*, for defendant in error.

BUCK, J. The defendant, Samuel Cody, was convicted in the district court of St. Louis county upon an indictment accusing him of having committed the crime of uttering a forged instrument. The indictment is in the following words and figures, viz.:

"The said Samuel Cody on the twelfth day of January, A. D. 1895, at the village of Virginia, in the said county of St. Louis and state of Minnesota, fraudulently and feloniously did utter and dispose of, to one Mike Mitchell, with intent then and there to defraud the said Mike Mitchell, a certain false and forged instrument in writing, purporting to be a check made by Mitchell & McClure, which false and forged instrument was in words and figures as follows, to wit: 'Duluth, Minn., 1–11–1895. No. 32. National Bank of Commerce of Duluth: Pay to Joe Bush, or bearer, $49.00 (forty-nine dollars). Mitchell & McClure.' That the said Samuel Cody then and there well knew, when he so uttered and disposed of said instrument, that the same was false and a forgery; that the false making is punishable as forgery. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

The defendant demurred to this indictment upon two grounds: First, that it does not set forth facts sufficient to constitute a public offense, under the statute; second, that it does not substantially conform to the requirements of G. S. 1894, § 7241, as the same are qualified by section 7247. The demurrer was overruled, and upon a plea of not guilty, and a trial, he was convicted as above stated. On March 12, 1895, he was sentenced to be confined in the state prison at Stillwater, at hard labor, for a period of five years and one month.

A motion in arrest of judgment was denied by the trial court, and the case came here upon a writ of error.

The provision of the statute under which this indictment was found is as follows:

"A person who, knowing the same to be forged or altered, and with intent to defraud, utters, offers, or disposes of, or puts off, as true, or has in his possession, with intent so to utter, offer, dispose of, or put off, * * * a forged will, deed, certificate, indorsement, record, instrument, or writing, or other thing, the false making, forging, or altering of which is punishable as forgery,—is guilty of forgery in the same degree as if he had forged the same." G. S. 1894, § 6702.

Section 7241 requires that the indictment shall be direct and certain, as it regards—First, the party charged; second, the offense charged; third, the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. The vice alleged against this indictment is that it does not allege that the defendant uttered and disposed of, as true, the instrument described in the indictment. We are of the opinion that the objection is well taken. The words "as true," in the statute, are significant. They constitute one of the three essential elements of the crime as defined by the statute, which are (1) a knowledge that the instrument is forged or altered; (2) an intent to defraud; (3) the offering or disposing of it as true.

It is claimed by the state that the allegation of the indictment that the defendant uttered the check, knowing it to be forged, with intent to defraud, includes the charge that he uttered it as true, because, if he disposed of it with intent to defraud, he must have disposed of it as true. It is useless to speculate as to the matter, for the statute makes, not only the intent to defraud, but an uttering of the instrument as true, one of the elements of the crime; and the allegations of the indictment must be direct and certain, not argumentative, as to this ingredient of the crime. The indictment therefore should have directly charged that the defendant uttered and disposed of the written instrument as true, as required by the statute. No equivalent words are charged in the indictment. In the case of Benson v. State, 5 Minn. 6 (19), the defendant was indicted for uttering or passing counterfeit bank bills, but the indictment failed to charge that the defendant uttered or passed these bills as true or genuine, and the indictment was held insufficient. In the case of

People v. Stewart, 4 Mich. 655, the defendant was indicted for having in his possession ten counterfeit bank bills, with intent to utter and pass the same, knowing that the bills were false, forged, and counterfeit. The statute [2] under which the indictment was found made such possession criminal only when they were so possessed with intent to utter or pass the same, or render the same current as true. The omission of the words "as true" from the indictment was held fatal. Hence we are of the opinion that the indictment in this case does not charge the defendant with having committed a public offense.

The conviction is therefore set aside, the judgment reversed, the case remanded, and the trial court directed to enter judgment that the defendant be discharged, but without prejudice to the right of the district court in its discretion to resubmit the defendant's case to another grand jury; and in case it so decides to hold the defendant, to admit him to bail, or in default thereof to commit him to jail to await the action of another grand jury.