STATE OF MINNESOTA v. JOHN R. HOWARD.[1]

November 25, 1896.

Nos. 10,178—(56).

66  309
71  402
66  309
78  393
66  309
82  451

**Indictment—Misnomer of Crime.**

Neither a misnomer of a crime, nor the omission to give it any name, in the commencement of an indictment, affects the validity of the indictment.

**Same—Statutory Offense—Words of Statute.**

An indictment for a statutory offense is sufficient if it alleges the commission of the crime in the words of the statute, if by that means all that is essential to constitute the offense is directly charged. But, if the statute does not set forth all of the elements necessary to constitute the offense intended to be punished, an indictment which simply follows the words of the statute is not sufficient. It must, in such case, allege the particular facts necessary to bring the case within the intent and meaning of the statute.

**Same—Offering Bribe to Juror—Essential Allegations.**

An indictment for the crime of offering a bribe to a juror, under the provisions of G. S. 1894, § 6348, must directly allege that the person to whom the bribe was offered was a juror; that the defendant knew it; also what was offered, naming it, and the fact that it was of value; and that it was offered with intent to influence the action of the juror as such.

**Same—Scienter—Value of Thing Offered.**

*Held*, that the indictment in this case, which is for offering a bribe to a juror, is bad, because it does not directly allege the scienter, or any fact showing that the thing offered to the juror was of value.

Case certified from district court for Wright county, Smith, J. Reversed.

*W. E. Culkin* and *Rome G. Brown*, for defendant.

*H. W. Childs*, *George B. Edgerton*, and *J. T. Alley*, for the State.

START, C. J.   The defendant demurred to the indictment returned against him by the grand jury of the county of Wright, and filed in the district court of such county on June 16, 1896.   The court overruled the demurrer, and certified the case to this court.

[1] Reported in 68 N. W. 1096.

Omitting the title, the indictment is in these words:

"John R. Howard is accused by the grand jury of the county of Wright and state of Minnesota, by this indictment, of the crime of bribery of a judicial officer committed as follows:

"On the 9th day of December, A. D. 1895, there was pending for trial in the district court in and for the county of Wright and state of Minnesota, two certain civil cases and actions entitled respectively as follows, to wit, Matthew Czech, plaintiff, against the Great Northern Railway Company, defendant, and Susie Czech, plaintiff, against the Great Northern Railway Company, defendant; and at said time in said county of Wright, the regular general December, 1895, term of said court was in session and each and both of said civil cases and actions were regularly upon the said term calendar for trial, and at said time and place and in said court, each and both of said cases and actions were upon trial together before one of the regular judges of said court and a jury of 12 men, and the name of one of the said jurymen of the said 12 jurymen was then and there one Ernest Otto. That the trial of said cases and actions before said judge and jury began December the 5th, A. D. 1895, and was continued and held during and over December the 9th, 1895, and until December the 10th, A. D. 1895, and that in the matter of the trial of the said cases and actions the said court had full and complete jurisdiction.

"That the said John R. Howard, on the said 9th day of December, A. D. 1895, at the village of Buffalo, in the said county of Wright and state of Minnesota, did wrongfully, unlawfully and feloniously hire, procure and cause one O. L. Billings to offer a bribe and money of value to the said juryman, Ernest Otto, then and there serving on the said jury as aforesaid, with the intent on the part of him the said John R. Howard and him the said O. L. Billings to influence the action, vote, opinion and decision of him, the said juryman, Ernest Otto, as a juryman in said cases and actions, and to cause him the said juryman, Ernest Otto, to hang the said jury and, regardless of his, the said Ernest Otto's convictions in the matters involved in said cases and actions, prevent a verdict being rendered in said cases and actions against said defendant, and that the said O. L. Billings did then and there unlawfully and feloniously offer the said bribe and money to the said juryman, Ernest Otto, for the purpose aforesaid and with the intent aforesaid solely by reason of his being hired, procured and caused to do so by the said John R. Howard, as aforesaid, the said John R. Howard being then and there in the employ of the said defendant in the cases and actions, and at said time and place engaged in assisting the said defendant in and about the trial of said cases and actions, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

The section of the Penal Code upon which the indictment is based reads thus:

"Bribery of a Judicial Officer. A person who gives or offers, or causes to be given or offered, a bribe, or any money, property, or value

of any kind, or any promise or agreement therefor, to a judicial officer, juror, referee, arbitrator, appraiser, or assessor or other person authorized by law to hear or determine any question, matter, cause, proceeding, or controversy, with intent to influence his action, vote, opinion, or decision thereupon, is punishable by imprisonment in the state prison for not more than ten years or by fine of not more than five thousand dollars, or both." Pen. Code, § 64 (G. S. 1894, § 6348).

1. The crime attempted to be charged in the indictment is "offering a bribe to a juror," or, strictly speaking, causing a bribe to be offered to a juror. In the commencement of the indictment the crime is designated as "bribery of a judicial officer." This discrepancy is the first objection to the indictment urged by the defendant. An error in designating the name of the crime in the commencement of the indictment is an irregularity only. The charging part of the indictment must be alone considered in determining whether the indictment charges a public offense. If it states facts showing the commission of a crime by the defendant, the law determines its name and nature, and neither a misnomer of the crime nor the omission to give it a name affects the validity of the indictment. State v. Hinckley, 4 Minn. 261 (345); State v. Garvey, 11 Minn. 95 (154); State v. Coon, 18 Minn. 464 (518); State v. Munch, 22 Minn. 67.

It is further urged that the indictment is insufficient because it does not charge that the person to whom the bribe was offered was a juror. The allegations of the indictment in this respect are sufficient.

2. Two other objections to the indictment are assigned in support of the demurrer meriting more serious consideration. They are: (a) that the indictment does not contain any direct and certain allegation of fact as to the amount, kind, or value of the thing offered as a bribe; (b) that it is not alleged that the defendant knew that the person to whom the offer was made was then a juror.

It is claimed by the state that the indictment substantially follows the statute in alleging what was offered to the juror, and that it is sufficient in all other respects, when tested by the requirements of the statute, which, so far as here material, are: the indictment shall be direct and certain as regards the offense charged, and the particular circumstances thereof, when they are necessary to constitute a complete offense. The indictment is sufficient if it can be understood therefrom that the act charged as the offense is clearly set forth in ordinary and concise language, and that the act constituting the of-

fense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case. No indictment is insufficient by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. G. S. 1894, §§ 7241, 7247, 7248.

These are wholesome and sensible provisions, which should be liberally construed, and indictments sustained where the objection is as to matters of form, and not of substance. But they were not intended to encourage laxity in criminal pleading in matters of substance, but simply to cure "a disease of the law" resulting from the overnicety of courts and their lack of practical sense in giving effect to formal defects in indictments. The statute dispenses with mere formality and technicality, but the requirement that the indictment must be direct and certain as regards the offense, and the particular circumstances thereof, is imperative. State v. Brown, 12 Minn. 393 (490); State v. McIntyre, 19 Minn. 65 (93). The rule that the charge must be laid positively, and not inferentially by way of recital merely, is not abrogated by the statute.

It is true, as claimed by the state, that an indictment may charge the commission of a statutory offense in the language of the statute without greater particularity when by that means all that is essential to constitute the offense is stated fully and directly. State v. Comfort, 22 Minn. 271; State v. Abrisch, 41 Minn. 41, 42 N. W. 543. But, if the statute does not set forth all of the elements necessary to constitute the offense intended to be punished, an indictment which simply follows the words of the statute is not sufficient. It must, in such case, go further, and allege with certainty all of the particular facts necessary to bring the case within the intent and meaning of the statute. If the statute simply names the offense, and provides for its punishment, or defines a crime by its legal result, an indictment which simply follows the words of the statute is not sufficient. It must go further, and state directly the facts whence the result comes. 1 Bishop, Cr. Proc. §§ 626–628; Commonwealth v. Bean, 11 Cush. 414.

It is apparent from a reading of the statute upon which the indictment in this case is based that it defines the crime of bribing or offering a bribe to a juror by its legal result, and does not contain

all of the essential elements of such crime. The essential elements of the crime of offering a bribe to a juror or judicial officer, as necessarily inferred from the statute, include knowledge on the part of the accused of the official character or capacity of the person to whom the bribe is offered, the fact that the thing offered was something of value, and that it was offered with the intent to influence his official action. It is not sufficient to follow the words of the statute, and allege that the defendant offered a bribe to the juror, naming him, with intent (following the words of the statute), or offered him property of value, or money of value, with such intent. On the contrary, it is necessary to allege directly, and not by way of recital or argument, the official character or capacity of the person to whom the offer was made, knowledge that he was such juror or officer by the defendant, the name of the thing offered (if known), the fact that it was of value, and that it was offered with intent to influence the official action of such person. 2 Bishop, Cr. Proc. § 126; People v. Ward, 110 Cal. 369, 42 Pac. 894; United States v. Kessel, 62 Fed. 57; Brown v. State, 13 Tex. App. 358; United States v. O'Neill, 2 Sawy. 481, Fed. Cas. No. 15,949; Commonwealth v. Boynton, 12 Cush. 499; Schmidt v. State, 78 Ind. 41; State v. Carpenter, 54 Vt. 551; Pettibone v. United States, 148 U. S. 197, 202, 13 Sup. Ct. 542. Not all of the cases cited are bribery cases, but they all show the necessity of alleging the scienter in similar cases, although the statute does not expressly make it an element of the offense.

The forms of indictments for bribery or offering a bribe of or to judicial or public officers or jurors from Chitty to Bishop contain direct allegations as to the knowledge of the defendant in the premises, the thing given or offered, and its value, and the intent with which the act was done. 3 Chitty, Cr. Law, 696; Bishop, Directions, § 247. The usual form of the allegation of knowledge is that the defendant, "well knowing the premises," or some equivalent; and as to the particular thing (if it was money) given or offered the allegation is either "a large sum of money, to wit, the sum of five dollars," as the case may be, or "the sum of five dollars in money." The latter seems to be the better form.

In every case of bribery or offering a bribe to which we have been referred, or which we have found, the indictment contained substantially both of these allegations as to knowledge of the defendant and

the thing given or offered, save two.    The exceptions are the cases of Commonwealth v. Chapman, 1 Va. Cas. 138, and State v. Biebusch, 32 Mo. 276.    In the first case the sufficiency of the indictment was not involved.    In the second case cited the indictment was for an attempt to induce by bribery a witness to absent himself from the trial of a cause.    It contained an allegation of knowledge on the part of the defendant that the person whom he attempted to bribe was a witness, but it contained no allegations as to the facts constituting the attempt, or as to the money, property, or thing offered as a bribe. The indictment in this respect followed the words of the statute, and it was held to be sufficient on the ground that the crime consisted of the attempt, and the kind or amount of the bribe need not be alleged.    The case turned on the construction of the statute, and is not here in point.

Tested by the rules of law which we have stated, it is apparent that the indictment in question is insufficient as to the allegations of knowledge on the part of the defendant and as to the particular thing offered to the juror.    As to the first it is urged that the allegations in the indictment to the effect that the defendant was employed in the trial of the cases in which the person to whom the offer was made was a juror, and that he caused the offer to be made with intent to influence his action as such juror, are sufficient allegations of knowledge on the part of the defendant.    But both knowledge and intent are essential elements of the crime, and both should be directly charged, and not argumentatively, or by way of recital.    State v. Cody, 65 Minn. 121, 67 N. W. 798.    It was not necessary in this case to allege a description of the money offered to the juror, or that a description thereof was unknown, or that it was current money of the United States; but it was necessary to allege directly some fact, not a conclusion or a result, showing that the money offered was of value.    As already stated, the simple allegation that the offer was a given sum of money is all that is necessary.    From such an allegation of fact the court can draw the conclusion that the thing offered was of value. A variance between the sum named in the indictment and that proven on the trial would not be material.

We are not to be understood as holding that this indictment would be held insufficient if the objections thereto were made for the first

time after verdict. In such case we would be inclined to resort to all permissible intendments to sustain it.

The order overruling the demurrer must be reversed, and the case remanded to the district court, with direction to enter an order sustaining the demurrer and resubmitting the case to another grand jury, or discharging the defendant, as the court shall be advised. So ordered.

Let the remittitur be sent down at once on the application of the attorney general.

CANTY, J. I am of the opinion that the indictment sufficiently charges that the accused knew Otto was a juror in the particular cases on trial, and sufficiently alleges the intent of the accused. In other respects, I concur in the foregoing opinion.