STATE v. JOSEPH R. CLEMENTS.[1]

February 13, 1901.

Nos. 12,379—(12).

### Indictment—Defects in Form.

An indictment is not insufficient by reason of any imperfection in matter of form, which does not tend to prejudice the substantial rights of the accused, but the specific facts constituting the elements of the crime charged must be set forth with reasonable certainty to inform the defendant of the nature of his offense, which is his constitutional right, of which he cannot be deprived.

### Larceny.

An allegation in an indictment for obtaining property—as bank deposits—upon the representation that the accused "was engaged in conducting a usual, lawful, and legitimate private banking business," traversed by the allegation that he "was not engaged in or conducting a usual, lawful, or legitimate private banking business," is insufficient to charge the crime of larceny, under G. S. 1894, § 6709, subd. 1, since it fails to allege facts showing in what respect such bank was not legitimately conducted, and involves in the issue presented for trial an open question of opinion depending upon inference and conjecture as to what the criminal acts really are.

Defendant was convicted in the district court for Houston county of grand larceny in the first degree. From an order, Kingsley, J., denying a motion for a new trial, defendant appealed. Reversed.

*Losey & Woodward* and *Webber & Lees*, for appellant.

*W. B. Douglas*, Attorney General, *John W. Hopp*, County Attorney, *Brown & Abbott* and *S. H. Somsen*, for respondent.

LOVELY, J.

Defendant was convicted of grand larceny in the first degree, under G. S. 1894, § 6709, subd. 1, which embodies in the penal code of this state the elements of the crime commonly designated as "obtaining property under false pretenses." Defendant moved for a new trial. This motion was denied, from which order he

[1] Reported in 85 N. W. 229.

appeals, assigning numerous errors, all of which have been considered in a careful examination of the entire record; but, upon the view which we have taken of this case, we do not consider it necessary to dispose of any other question than the sufficiency of the indictment to state a public offense, which, to our minds, is decisive of this appeal.

The material portions of the criminal pleading under review are as follows:

"The said Joseph R. Clements * * * did then and there falsely represent and pretend to one Asle Olson that he, the said Joseph R. Clements, together with one Julia F. Greenleaf and one Maurice R. Todd, were engaged in and conducting a usual, lawful, and legitimate private banking business as co-partners under the style and firm name of the Fillmore County Bank, and as such bankers were receiving moneys on deposit in said bank to be repaid on request. That, relying upon said representations of the said Joseph R. Clements, and believing them to be true, and by reason thereof, he, the said Asle Olson, deposited in the hands of the said Joseph R. Clements, as such co-partner and banker, * * * the sum of $1,500. * * * That in fact and in truth the said Joseph R. Clements, Julia F. Greenleaf, and Maurice R. Todd, or either of them, at the time and place aforesaid, were not, and the said Joseph R. Clements was not, engaged in or conducting a usual, lawful, or legitimate private banking business, * * * but were then and there taking and receiving money, of divers persons, with whom they dealt, including the said Asle Olson, and did then and there actually take and receive the said money from the said Asle Olson * * * with the purpose and intent of appropriating the same to their own use,"—with other averments showing the guilty knowledge or scienter of the defendant in the reception of the prosecutor's money intending to convert the same to his own use.

It is essential in a prosecution of this character that there should be a sufficiently explicit charge of the facts constituting the false pretenses, as well as an averment showing that such alleged pretenses were untrue. This is elementary, and goes upon statement. The particular objection to this indictment is that the charges of guilt are not essential averments of facts showing the false pretense, nor of tangible form, but rather of conclusions or inferences to be drawn from essential facts not pleaded. Undoubtedly the statement that a person is conducting

a bank, if untrue, would be a false pretense, and such allegation, in connection with the averment that he was conducting such bank in "a usual, lawful, and legitimate" way, might in that connection be treated as descriptive,—or, in other words, that this allegation of the pretenses upon which the prosecutor's money was obtained was to the effect that defendant was conducting a private banking business; but in the essential denial of the truth of the pretenses or the allegation of the crime, the distinctive qualification that defendant was "not conducting a usual, lawful, or legitimate private banking business" extends the scope of the inquiry at the trial to the examination of any fact which might not be legitimate or lawful, and involves with reference thereto a decisive and controlling element of opinion as to the nature and character of unlawful acts not specifically pleaded.

It might well be that an allegation that defendant was the owner of or conducting a bank, or engaged in the banking business, would warrant the introduction of evidence to show a false representation susceptible of proof as to the actual existence of such bank; or had the indictment contained a statement that defendant represented that the bank was solvent, which, being properly traversed, the proof of the fraud perpetrated might be tangible upon the issue to which such proof might be properly directed. But by the qualifications in the averment of the false pretense in this indictment that the bank was not conducted in a "usual, lawful, or legitimate" way the question of defendant's guilt was wholly unlimited to the real facts constituting his crime; in short, expressed a legal conclusion resting upon opinion as to the character of the bank, and the nature of any doubtful acts conducted there. Defendant at least was entitled to know in what respect the indicting power arraigned him for his suspected illegitimate actions in the conduct of his business, for the existence of the bank is admitted by the indictment.

While it is true that no indictment is insufficient by reason of a defect or imperfection in matter of form which does not tend to prejudice the rights of the accused party upon the merits (G. S. 1894, §§ 7241, 7247, 7248), yet, as held by this court (START, C. J.):

"These * * * provisions * * * were not intended to encourage laxity in criminal pleading in matters of substance, but simply to cure 'a disease of the law' resulting from the overnicety of courts and their lack of practical sense in giving effect to formal defects in indictments. The statute dispenses with mere formality and technicality, but the requirement that the indictment must be direct and certain as regards the offense, and the particular circumstances thereof, is imperative." State v. Howard, 66 Minn. 309, 312, 68 N. W. 1096.

The rule that the charge must be laid positively, and not inferentially by way of recital merely, or argumentatively, is not abrogated by the statute. State v. Cody, 65 Minn. 121, 67 N. W. 798. The objection we have noted is of the most substantial character, and, if this indictment could be sustained for the purpose of admitting proof of the character introduced to support the prosecution at the trial, it well illustrates the necessity of the application of the rules of criminal pleading stated above. The very safeguards which the legislature has attempted to throw around the people in dealing with their banks might be affected to the great detriment of public justice. Evidence in this case went back ten years before the pretenses were alleged to have been made to show that a criminal scheme to wreck the bank was entered into by two of its partners, as described more fully in the case of Utley v. Clements, 79 Minn. 68, 81 N. W. 739, and tended to show that the bank was insolvent, and known to be such, when Asle Olson deposited his money; but during all of these years, in every respect in which it had been the purpose of the legislature to protect the depositors in private or public banks, the concern organized as the Fillmore County Bank was doing business in a regular banking way, receiving deposits, discounting notes, selling exchange, and conducted by its known partners, apparently, at least, in all respects as a lawful banking business.

A criminal conspiracy, under G. S. 1894, § 6423, subd. 4, or a charge of receiving deposits when insolvent (section 6763), might have been sustained in such a case upon proper averments, while in such prosecutions the criminal acts of the partners of the Fillmore County Bank may well have estopped them from denying that they were conducting a bank; but it is not easy to see

how they could be held penally liable for acts of that character which could only be committed in the business of banking upon the floating and uncertain averment that they were not conducting "a usual, lawful, and legitimate business." If the latter allegation has any force, a conviction under it might bar prosecution of the more specific charges referred to above, and defeat the same. State v. Wiles, 26 Minn. 381, 4 N. W. 615.

It is to be regretted that private banking institutions are not made subject to the same scrutiny and examination as chartered banks, for during any of the many years of dishonesty and defalcation by which the confidence of the people trusting this fraudulent concern was abused an examination of its affairs by the public officials would have terminated its career of crime, and put an end to its nefarious practices. Yet upon grounds of reasonable public policy we should be loath to give up any protection which the statutes afford, nor can we so interpret the law as to deprive the citizen accused of crime of his constitutional right to be informed of the nature and cause of the accusation against him, the omission of which constitutes the particular defect in the allegations defining the charge against the defendant in this particular indictment.

It is ordered that the conviction be set aside, and, unless, in its discretion, the trial court directs a resubmission of this cause to another grand jury, that the prisoner be discharged.