STATE v. THOMAS W. MacDONALD.[1]

July 31, 1908.

Nos. 15,772—(243).

**Indictment.**

An indictment must set out with directness and certainty the particular facts necessary to constitute the complete criminal offense charged.

**Same—Insufficient.**

An indictment for criminal carelessness in the operation of a railway engine and train by its engineer, whereby a collision occurred and named persons were killed, is *held* to have been insufficient.

Case certified from the district court for Scott county, Morrison, J., submitting questions raised by a demurrer to the indictment. They are stated in the opinion. Indictment held insufficient.

*E. T. Young,* Attorney General, and *F. J. Leonard,* County Attorney, for the state.

*Albert E. Clarke,* for defendant.

JAGGARD, J.

Defendant demurred to an indictment. The trial court, being satisfied that the questions thus raised were so important and doubtful

[1] Reported in 117 N. W. 482.

as to require the decision of the supreme court as to the sufficiency of the indictment, certified the following questions:

"1. Does the indictment substantially conform to the requirements of sections 5297, 5298, 5299, and 5300, of the revised laws of 1905, as qualified by section 5305 of such laws?

"2. Do the facts stated in said indictment constitute a public offense?

"3. Does the indictment contain a statement of the acts constituting the offense in ordinary and concise language?

"4. Is not the indictment direct and certain, in this: That it states the particular circumstances of the offense charged, and states facts sufficient to constitute a public offense?"

It is elementary that an indictment must set out the particular facts necessary to constitute the complete criminal offense charged. Every essential element of the offense charged must be alleged directly and certainly. An indictment is not good if it omit an allegation without which a criminal offense would not be described. State v. McIntyre, 19 Minn. 65 (93); State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 Am. St. 403; State v. Clements, 82 Minn. 448, 85 N. W. 234.

In the case at bar the indictment alleges that the defendant, an engineer of the Minneapolis & St. Louis Railroad Company, which operated on its line of road, "among other trains, a certain freight train known as and called freight train No. 94, and a certain passenger train known as and called passenger train No. 2, consisting of a locomotive engine, a baggage car, an express car, a mail car, passenger cars, and a dining car, and which said Thomas W. MacDonald was then and there managing and in charge of, as an engineer of said railroad company, that certain property of said railroad company, to wit, said freight train No. 94, composed of, among other things, a locomotive engine and box cars."

Defendant argues that this allegation is not sufficient to charge the defendant with the responsibility of the control of the train, or with authority to direct the use of the engine or train, except mechanically and as an engineer. The conductor, the argument proceeds, is presumed to direct the movement and work of the train. The engineer is simply presumed to mechanically operate the train under

the direction of the conductor. If this were the only question in the case, the allegations might be held sufficient to justify the court in overruling the demurrer. In view, however, of this in connection with another consideration, we think the demurrer should have been sustained.

That other consideration is this: The indictment alleges that the defendant wrongfully, unlawfully, recklessly, and with culpable negligence placed a part of said freight train on the main track at a named time when a passenger train was entitled to have exclusive use of said main track and was entitled to the right of way on the main line of said road, and making the usual and ordinary run over the road. Following this is the allegation of the collision of the passenger train with the freight train, resulting in the death of named passengers. It is to be noted that there does not appear in these allegations any charge that defendant knew that a passenger train was due or was coming. Such allegations were necessary to constitute a complete offense. The allegation that the passenger train "was making the usual and ordinary run" is not sufficiently definite and certain. It does not amount to an allegation that the train was on time and that it was or was not due at the station named at the time named. The indictment should also state that the defendant knew that the passenger train was due, or that he knew it was approaching. It is true that there is the general allegation that the defendant acted wrongfully, unlawfully, recklessly, and with culpable negligence. The indictment is, however, insufficient, unless the facts justifying such conclusion, not the conclusion itself, are particularly stated.