# STATE v. FRANK J. DANAHER.[1]

## November 15, 1918.

## No. 20,935.

**Criminal law — dissuading witness from attending court pursuant to subpoena.**

An indictment which follows the language of section 8568 (G. S. 1913) is not defective because it does not particularize the methods used by defendant in inducing the witness to keep away from the court. State v. Howard, 66 Minn. 312, distinguished. [Reporter.]

Defendant was indicted by the grand jury charged with the crime of dissuading a witness from attending court pursuant to subpoena, tried in the district court for Hennepin county before Jelley, J., and a jury, and convicted. Defendant's motion to set aside the verdict or for arrest of judgment was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*Clifford L. Hilton,* Attorney General, *John M. Rees,* County Attorney, and *Walter H. Newton,* First Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was indicted and thereby charged with a violation of section

[1]Reported in 169 N. W. 420.

8568, G. S. 1913, which declares that any person who shall wilfully prevent or dissuade a duly subpoenaed witness from attending court as such in response to a subpoena, shall be guilty of a gross misdemeanor, and on trial found guilty. Judgment was duly rendered on the verdict and defendant appealed.

It is contended in support of the appeal: (1) That the indictment fails to state a public offense, in that the particular acts by means of which defendant persuaded the witness to absent himself from court are not stated; and (2) that the evidence is insufficient to justify the verdict, in that the complaining witness upon whose testimony the state relied, was an accomplice and there was no corroboration.

Neither contention requires extended discussion. The indictment follows the language of the statute and is not defective in not particularizing the methods used by defendant in inducing the witness to keep away from the court. The rule stated in State v. Howard, 66 Minn. 309, 312, 68 N. W. 1096, does not apply, and the case is not in point. We find ample corroborative evidence, and taken as a whole it fully supports the verdict.

Judgment affirmed.