STATE v. A. ISAACSON, ALSO KNOWN AS A. SAXON.[1]

May 18, 1923.

No. 23,083.

**Indictment defective.**

An indictment for selling mortgaged personal property without the consent of the mortgagee, which fails to show that an unpaid debt secured by the mortgage existed at the time of the sale, is fatally defective.

[1]Reported in 193 N. W. 694.

Defendant was indicted by the grand jury of Brown county charged with the crime of selling an automobile without the consent of the mortgagee, tried in the district court for that county before Olsen, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Morphy, Bradford, Cummins* and *Gustav Axelrod*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *W. T. Eckstein*, County Attorney, for respondent.

TAYLOR, C.

The defendant was convicted of the crime of selling mortgaged personal property without the consent of the mortgagee, and appeals from an order denying a new trial.

The defendant contends that the facts stated in the indictment do not constitute a criminal offense.

The indictment contains allegations to the effect that defendant mortgaged a Chevrolet automobile, described therein, to the Mounds Park State Bank, that the bank assigned the mortgage to Herbert A. Gerber, and then charges that defendant did—

"Willfully, wrongfully and unlawfully sell and convey said personal property as mortgaged as hereinbefore set forth to one Alfred Baltrusch, without the written consent of said Mounds Park State Bank, the said mortgagee, or the written consent of the said Herbert A. Gerber, the said assignee of the said mortgagee described aforesaid, and without informing the said Alfred Baltrusch that the said personal property so sold and conveyed to him, the said Alfred Baltrusch, that it was mortgaged and of the true amount then due on the debt secured by said mortgage aforesaid."

The statute reads:

"Every person who, with the intent to place mortgaged personal property beyond the reach of the mortgagee or his assigns, shall remove or conceal, or aid or abet in removing or concealing, any such

property, and any mortgagor of such property who shall assent to or knowingly suffer such removal or concealment, or, at any time before the debt secured by a chattel mortgage has been fully paid, shall sell, convey, or in any manner dispose of the personal property so mortgaged, or any part thereof, without the written consent of the mortgagee or his assigns, or without informing the person to whom he shall sell, convey, or dispose of the same that it is mortgaged, and the true amount then due on the debt secured by such mortgage, shall be punished by imprisonment in the State prison or county jail for not more than one year, or by fine of not more than five hundred dollars." G. S. 1913, § 8907.

The objection that the indictment charged two offenses and was bad for duplicity was waived by failing to demur to it on that ground. State v. Henn, 39 Minn. 464, 40 N. W. 564; State v. Briggs, 84 Minn. 357, 87 N. W. 935; State v. Kunz, 90 Minn. 526, 97 N. W. 131.

The objection urged against the indictment at the trial and here is that it nowhere states that the debt secured by the chattel mortgage had not been fully paid before the sale of the mortgaged property. The offense defined by the provision of the statute under which this indictment is drawn consists in selling mortgaged personal property, before the debt secured by the mortgage has been fully paid, without the written consent of the mortgagee, or without informing the purchaser of the existence of the mortgage and of the amount due thereon.

The indictment must allege every essential element of the offense, and must allege it directly, certainly and positively, not inferentially or argumentatively. If any fact essential to constitute the offense be omitted, the indictment is fatally defective, and it cannot be aided by inference or presumption. State v. McIntyre, 19 Minn. 65 (93), State v. Ruhnke, 27 Minn. 309, 7 N. W. 264; State v. Heitsch, 29 Minn. 134, 12 N. W. 353; State v. Cody, 65 Minn. 121, 67 N. W. 798; State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 Am. St. 403; State v. Nelson, 79 Minn. 388, 82 N. W. 650; State v. Clements, 82 Minn. 448, 85 N. W. 234; State v. Tracy, 82 Minn. 317,

84 N. W. 1015; State v. Holton, 88 Minn. 171, 92 N. W. 541; State v. Mac Donald, 105 Minn. 251, 117 N. W. 482; State v. Lester, 127 Minn. 282, 149 N. W. 297, L. R. A. 1915D, 201; State v. Washed Sand & Gravel Co. 136 Minn. 361, 162 N. W. 451, L. R. A. 1917D, 1127. The governing principle has been tersely expressed by the statement that, if the allegations of the indictment can be true and the accused still be innocent, the indictment is bad.

The sale of the mortgaged automobile was not an offense under the statute, unless there was a debt secured by the mortgage unpaid and existing at the time of the sale. The fact that there was a debt secured by the mortgage which was unpaid and existing at the time of the sale was therefore an essential ingredient of the crime defined by the statute and must be alleged in order to charge the commission of that crime. The indictment contains no allegation to that effect, and in fact does not even allege that the mortgage was given to secure a debt, or that any debt ever existed. It contains no statement whatever of the purpose for which the mortgage was given, nor of the nature of the obligation, if any, which it was intended to secure.

The majority of the court are of the opinion that the indictment fails to charge a violation of the statute, and the judgment must be and is reversed.