# STATE v. DOMENICO LOPES, SR.[1]

October 8, 1937.

No. 31,230.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *Arthur Markve,* Assistant County Attorney, for the State.

*John H. Hougen, John C. Holten,* and *Kleve J. Flakne,* for defendant.

[1]Reported in 275 N. W. 374.

STONE, JUSTICE.

This cause comes here on the certificate of the trial judge under 2 Mason Minn. St. 1927, § 10756.

November 20, 1935, defendant was found guilty by verdict of the crime of bribery. December 7, 1935, he made a motion in arrest of judgment, the order denying which was not filed until March 9, 1936. Not until November 28, 1936, did the learned trial judge make the certificate which is now before us. Why the cause has been so delayed in getting here does not appear. We but want to make it clear that we are party neither to the delay nor any condonation thereof.

The information charges the defendant "committed the crime of bribery as follows, to-wit:

"That said Domenico Lopes, Sr., on the 15th day of August, A. D. 1935, at the city of Minneapolis, in said Hennepin County, Minnesota, then and there being, committed the crime of bribery as follows, to-wit: Guy W. Cravens, then and there being a duly appointed, qualified and acting chief inspector of the liquor control commissioner for the state of Minnesota, and as such officer was about to charge the said Domenico Lopes, Sr., with a crime of, and cause the arrest of the said Domenico Lopes, Sr., for a crime, to-wit, the removal and concealment of ten gallons of intoxicating liquor, commonly called 'moonshine whiskey,' and for conspiring to evade, avoid and defraud the State of Minnesota out of the payment of the proper tax upon said intoxicating liquor, and said Domenico Lopes, Sr., did then and there, on or about the 15th day of August, 1935, at the city of Minneapolis, Hennepin County, Minnesota, wilfully, unlawfully, wrongfully, corruptly and feloniously agree to pay, and offered to pay, to said Guy W. Cravens, as such officer, the sum of one hundred twenty-five dollars ($125.00) genuine, lawful and current money of the United States of America, of the value of one hundred twenty-five dollars ($125.00), if he, the said Guy W. Cravens, would not arrest him, the said Domenico Lopes, Sr., for said crime, and would not prosecute him, the said Domenico Lopes, Sr., for said crime, thereby tending to corruptly influence the said

Guy W. Cravens in respect to his action and proceedings as such officer, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Minnesota."

There was neither motion to quash nor demurrer. On the contrary, the then counsel for defendant permitted a jury to be drawn and the state's first witness to give some testimony before the sufficiency of the information was questioned. Then, the defendant being in jeopardy, his counsel objected "to any evidence under this indictment for the reason that it does not state facts sufficient to constitute a public offense." The same point was made by motion to dismiss at the close of the state's testimony. At no time during the trial was the objection to the information made more specific. There was objection that there was no evidence of an offer by the defendant of "genuine, lawful and current money of the United States of America." The questions certified to us as important and doubtful are these:

(1) Did the court err in denying defendant's objection to the introduction of any evidence under said information for the reason that the same did not state facts sufficient to constitute a public offense.

(2) Did the court err in denying defendant's motion that the case be dismissed on the grounds and the reasons

(a) That the information did not state facts sufficient to constitute a public offense, and

(b) That there was no evidence of an offer by the defendant of one hundred twenty-five ($125.00) dollars genuine, lawful, current money of the United States of America, of the value of one hundred twenty-five ($125.00) dollars.

(3) Did the court err in denying defendant's motion for a dismissal of the case on the ground that the information

(a) Did not state facts sufficient to constitute a public offense, nor to constitute the crime of offering a bribe;

(b) That the evidence failed to show an offer of one hundred twenty-five ($125.00) dollars or any amount, of genuine, lawful and current money of the United States of America.

■ The argument for defendant is that the information fails to charge that he, in offering the bribe to Mr. Cravens, knew that the latter was an officer. Such knowledge is an essential element of the crime of bribing an officer. Furthermore, an information or indictment in order to be good must aver every essential element of the crime positively and not inferentially as by way of mere recital or argument. State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 A. S. R. 403; State v. Clements, 82 Minn. 448, 85 N. W. 234.

The requirements of constitution, statute, and decision law are met by the information before us. (That is not to say that the latter is not open to some improvement.) We hold it good on this point because it sets up (1) the official character, at the moment, of the offeree; (2) that "as such officer" he was about to charge defendant with the stated crime; (3) that defendant then and there "wilfully, unlawfully, wrongfully, corruptly and feloniously" did "agree to pay and offered to pay" to the offeree "as such officer" the alleged bribe on condition (4) that he, the officer, "would not arrest" defendant "for said crime and would not prosecute him" therefor.

Mere inference is one thing, implication another. Inferring is simply the process of passing from what is admitted to what may be, or probably is also, true. Implying is the necessary involvement of another fact or proposition in one already stated, as, for example, daylight negatives coincidental darkness. It is the passing from one thing stated to another that must also be true because necessarily coexisting. A given conclusion goes from the category of inference into that of implication when all possibility of other or differing conclusion is negatived.

That is precisely the situation here. The averments last above mentioned negative, to the point of demonstration, the possibility that defendant was ignorant of the official character of the gentleman to whom he was offering money to prevent the offeree's stated official action. Thus the requirements of both constitution and statutes were met. Compare Gandy v. State, 77 Neb. 782, 110 N. W. 862; Robinson v. State, 185 Ind. 119, 125, 113 N. E. 306, 308,

which agree in the conclusion, as stated in the latter case, that "no hypothesis of ignorance of official character is reconcilable with the act averred."

Long gone is the time when, in respect to an information or indictment, a defendant can successfully claim not to be able to get from it the knowledge in respect to the charge against him that any other sane and intelligent reader would gather from even a casual reading, without resorting to inference.

With entire propriety, State v. Howard, 66 Minn. 309, 310, 68 N. W. 1096, 34 L. R. A. 178, 61 A. S. R. 403, is stressed for the defense. The charge there attempted to be made by indictment was bribery of a juror. Notwithstanding its averments that the offeree was a juror in the involved cases, that the bribe was offered to the offeree "as a juryman in said cases," and its purpose was "to influence the action, vote, opinion and decision of him, the said juryman," the indictment was held fatally defective in that it did not affirmatively charge that defendant knew at the time that the offeree was a juror. The point was made before trial, by demurrer upon which the case was certified to this court. The decision indicated that the result might have been otherwise if the objections to the indictment had been "made for the first time after verdict." In such case, says the opinion [66 Minn. 315], "we would be inclined to resort to all permissible intendments to sustain" the indictment.

We might, we suppose, distinguish that case from this upon their procedural differences, the objection here not being suggested even until the trial had begun and not having been specifically made until after verdict. But what is said above indicates that, in matter of substance, the Howard indictment cannot be distinguished from the information against this defendant, and that we cannot now go along with the reasoning that the accused's knowledge of the official character of the offeree of the bribe did not appear affirmatively from the allegations of the indictment. That is because the things averred necessarily, and as a matter of ordinary sense, imply knowledge and make impossible the "hypothesis of ignorance" which

is the gist of the argument for defendant. Insofar as it deals with that point, the Howard case is overruled.

■ Also without merit is the argument concerning the failure of the information to aver that Mr. Cravens had "accused or charged defendant with the commission of a crime." The information does say that he "was about to charge" defendant with the crime. That is enough in connection with what follows. It is immediately charged that the offer was on condition that Cravens "would not arrest him," the defendant, and would "not prosecute" him.

■ Question is made also of the use of the phrase "tending to corruptly influence the said" Cravens. The complaint is of the use of the word "tending" rather than "intending." If there is ever any merit in a point of that kind, it disappears when made for the first time during trial rather than before, by motion or demurrer challenging the sufficiency of the information. Anyway, the felonious intent appears from the purpose of the offer as it is charged.

■ Little need be said in disposing adversely of defendant's claim that the evidence fails to show an offer of $125 or any amount (to follow the outlandish tautology of the information), of "genuine, lawful, current money of the United States of America." The point is that there was an offer of a check which is in evidence. It was for $125, payable to "cash," but drawn upon a bank where defendant did not have funds enough to meet it. Anyway, he claims to have stopped payment. The ingenious argument, among other things, is that this check, having been given to accomplish an unlawful purpose, was void, and so, being nothing of value, the offense of bribery was not committed. That argument is not as novel as it seems. See United States v. Green (D. C.) 136 F. 618.

We do not consider that contention, for the evidence is that, before tendering the check, defendant first offered Mr. Cravens, as a bribe to prevent his arrest and prosecution, $100. That offer was promptly raised to $125. Hence, without the aid of the check the evidence sustains the averment concerning the offer of money. The check was at least fairly credible, if not cogent, corroboration.

Thus no question of variance between information and proof is raised. See State v. Ekberg, 178 Minn. 437, 227 N. W. 497.

All the certified questions are answered in the negative.