## STATE v. ARVID OMAN.

121 N. W. (2d) 616.

April 26, 1963—No. 38,716.

*Wm. J. Nierengarten,* for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *Einer C. Iversen,* County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction for selling and possessing obscene or indecent literature in violation of Minn. St. 1957, § 617.24.[1]

The determinative issue which we consider is whether the information states a public offense.

The offense is charged in the following language:

"* * * that on the 26th day of April in the year A. D. 1960, at said County Arvid Oman then and there being did unlawfully sell and have in his possession, with intent to sell, certain obscene or indecent magazines, pamphlets or story papers containing pictures and photographs, in violation of Sec. 617.24 M. S. A. and constituting the crime of Sell-[ing] and Possessing Indecent Literature, against the form of the statute in such cases made and provided and against the peace and dignity of the State of Minnesota."

It will be noted that the foregoing information does not charge the defendant with having committed the acts prohibited with knowledge of the obscene character of the materials involved. Because of this omission it is the defendant's contention that the information is fatally de-

---

[1] Minn. St. 1957, § 617.24, provides: "Every person who shall:

"(1) Sell, lend, give away, or offer to give away, show, or have in his possession with intent to sell, give away, show, advertise, or otherwise offer for loan, gift, sale or distribution, any obscene or indecent book, magazine, pamphlet, newspaper, story paper, writing, picture, drawing, photograph, or any article or instrument of indecent or immoral character; or who shall design, copy, draw, photograph, print, utter, publish, or otherwise prepare such a book, picture, drawing, paper, or other article; or write or print, or cause to be written or printed, a circular, advertisement, or notice of any kind, or give oral information stating when, where, how, or of whom or by what means such an indecent or obscene article or thing can be purchased or obtained;

\* \* \* \* \*

"Shall be guilty of a gross misdemeanor and be punished by imprisonment in the county jail for not more that one year, nor less than 90 days, or by a fine of not less than $100, nor more than $500, or by both."

This section was repealed by L. 1961, c. 664, § 2. The new provision is Minn. St. 617.241, enacted by L. 1961, c. 664, § 1, and it expressly contains the element of scienter or knowledge, and defines the word "obscene."

fective. This objection was preserved by proper motion and exception taken at the opening of the trial.

It is provided by Minn. St. 628.10 that an indictment shall contain "A statement of the acts constituting the offense, in ordinary and concise language, without repetition." This provision applies equally to informations. §§ 628.29, 628.30. Tests to determine the sufficiency of an indictment are set forth in § 628.18.[2] Formal defects are to be disregarded and the trial court may at any time before commencement of trial permit an amendment as to form and substance, subject to certain limitations which are not here applicable. § 628.19.[3] In State v.

___

[2]Section 628.18 provides: "The indictment shall be sufficient if it can be understood therefrom:

"(1) That it is entitled in a court having authority to receive it, though the name of the court is not accurately stated;

"(2) That it was found by a grand jury of the county in which the court was held;

"(3) . That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with the statement that he has refused to discover his real name;

. "(4) That the offense was committed at some place within the jurisdiction of the court, except where, as provided by law, the act, though done without the local jurisdiction of the county, is triable therein;

"(5) That the offense was committed at some time prior to the time of finding the indictment;

"(6) That the act or omission charged as the offense is clearly and distinctly set forth, in ordinary and concise language, without repetition;

"(7) That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

[3]Section 628.19 provides: "No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. At any time before the commencement of the trial the court may permit the amendment of an indictment by counsel for the state both as to form and substance; provided, no change is made in the name or identity of the crime charged; and, provided, that in case an amendment is made the defendant shall be given reasonable notice thereof, and shall have, if he desires it, such further reasonable time as the court may deem proper in which to prepare his defense,

Mancino, 257 Minn. 580, 102 N. W. (2d) 504, we discussed these statutes and pointed out that the general rule now is that an indictment or information which is otherwise sufficient should not be invalidated by the fact that it contains surplusage, is awkwardly worded, or inartfully drawn. Our decisions, however, have not gone so far as to say that an indictment or information is sufficient where it fails to allege in positive language all of the essential ingredients of the offense with which the accused is charged.

It should be noted at the outset that we are dealing here with a prosecution which involves underlying issues of freedom of speech and press, due process, and equal protection, a subject which the Supreme Court of the United States has discussed in numerous recent decisions.[4] Accordingly, it is necessary that we view the issue presented in the context of not only our law and decisions but the decisions of the Supreme Court of the United States as well, since that court has the last word in this area of the law.

In the recent case of Smith v. California, 361 U. S. 147, 80 S. Ct. 215, 4 L. ed. (2d) 205, the United States Supreme Court had before it an ordinance prohibiting possession of obscene material in a place where books are sold, which ordinance was held to be unconstitutional because it did not require proof of scienter. In holding that the element of scienter in some degree is a constitutionally required ingredient of the offense, the majority, speaking through Mr. Justice Brennan, said (361 U. S. 153, 80 S. Ct. 218, 4 L. ed. [2d] 211):

"* * * By dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally protected matter. For if the bookseller is criminally liable without knowledge of the contents, and the ordinance fulfills its purpose, he will tend to restrict the books he sells to those he has inspected; and thus the State will have imposed a restriction upon the distribution of constitutionally protected as well as obscene literature."

---

which further time shall be at least four days after notice of the amendment, if demanded by the defendant."

[4]See, 45 Minn. L. Rev. 5.

We followed the Smith case in State v. Oman, 261 Minn. 10, 110 N. W. (2d) 514, noting that § 617.24 did not by express words require knowledge or scienter as an element of the offense. In upholding the constitutional validity of the statute we determined that the legislature intended that the common-law element of scienter was a necessary part of the offense and that the state was required to prove that element on the part of the bookseller before he could be convicted of violating the statute.

Did the failure to allege knowledge of the obscene character of the materials render the indictment fatally defective? Numerous decisions of the United States Supreme Court have discussed the principles which govern the sufficiency of an indictment or information. It is well established that the charge must fully, directly, and expressly, without uncertainty or ambiguity, set forth all of the elements necessary to constitute the offense intended to be punished. Evans v. United States, 153 U. S. 584, 14 S. Ct. 934, 38 L. ed. 830. Although the statute in question, read in the light of common law and of other statutes on like matter, may enable the court to infer intent of the legislature, this fact does not dispense with the necessity of alleging all of the facts necessary to bring the case within that intent. A statement of the essential facts constituting the offense charged is indispensable to the validity of the indictment. In Russell v. United States, 369 U. S. 749, 763, 82 S. Ct. 1038, 1047, 8 L. ed. (2d) 240, 250, the Supreme Court of the United States said:

"'* * * These criteria are, first, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." * * *' "

It was held in the recent case of Cohen v. State (Fla.) 125 So. (2d) 560, that an information charging a defendant with having sold an obscene periodical was defective for want of averment that the defendant had sold it knowing it to be obscene in character.

Where, as here, the defendant made his objection to the insufficiency of the information at the opening of the trial, we are bound to view the issue in the light of the record before us without speculating as to whether the defendant based his objection on a pretended hypothesis of ignorance which a court should not be so naive as to accept.[5] Our decision must be controlled by State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178. In that case the defendant was charged by indictment with the offense of causing a bribe to be offered to a juror. It was argued on appeal that the indictment was defective in that it did not allege that the defendant knew that the person to whom the offer was made was then a juror. We there pointed out that an indictment is not insufficient by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. In referring, however, to the imperative requirement that the charge allege the elements of the offense, we said (66 Minn. 312, 68 N. W. 1097, 34 L. R. A. 180):

"It is true, as claimed by the state, that an indictment may charge the commission of the statutory offense in the language of the statute without greater particularity when by that means all that is essential to constitute the offense is stated fully and directly. State v. Comfort, 22 Minn. 271; State v. Abrisch, 41 Minn. 41, 42 N. W. 543. But, if the statute does not set forth all of the elements necessary to constitute the offense intended to be punished, an indictment which simply follows the words of the statute is not sufficient. It must, in such case, go further, and allege with certainty all of the particular facts necessary to bring

---

[5]It appears that the defendant operates a small tobacco and confectionery establishment in Waseca and also sells magazines and newspapers. The court found that certain of the magazines in question were obscene and within the purview of § 617.24. The defendant received these magazines from a distributor at Mankato, who delivered them twice a week. The unsold copies were returned to the distributor and the defendant received credit for them. It also appears that the defense in this case is financed by the distributor or publishers, who have agreed to pay the $300 fine imposed by the court. The circumstances suggest that a more effective compliance with the statute might be accomplished by also prosecuting the distributor who is responsible for the mass distribution of the objectionable material.

the case within the intent and meaning of the statute. If the statute simply names the offense, and provides for its punishment, or defines a crime by its legal result, an indictment which simply follows the words of the statute is not sufficient. It must go further, and state directly the facts whence the result comes. 1 Bishop, Cr. Proc. §§ 626-628; Commonwealth v. Bean, 11 Cush. 414."[6]

The judgment must accordingly be reversed. The case is remanded to the district court with leave to amend the information so as properly to allege the offense.

Reversed and remanded.

---

[6]While the later case of State v. Lopes, 201 Minn. 20, 275 N. W. 374, appears to qualify the holding in the Howard case, the Lopes case may be distinguished on the ground that the information there considered negatived "to the point of demonstration, the possibility that defendant was ignorant" of the official character of the person to whom the bribe was offered and that the element of knowledge was charged by necessary implication from the allegations contained in the information. See, also, State v. Cody, 65 Minn. 121, 67 N. W. 798; State v. MacDonald, 105 Minn. 251, 117 N. W. 482; State v. Suess, 236 Minn. 174, 52 N. W. (2d) 409.