## JOHN BERNARD FITZSIMMONS AND 400 E. BALTIMORE ST., INC. *v.* STATE OF MARYLAND

[No. 805, September Term, 1980.]

*Decided March 6, 1981.*

The cause was argued before GILBERT, C. J., and THOMPSON and WEANT, JJ.

*Burton W. Sandler,* with whom was *Jerre S. Diener* on the brief, for appellants.*

*Michael A. Anselmi, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *John Prevas, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

---

* Note: *Certiorari* denied, Court of Appeals of Maryland, September 15, 1981.

Md. Ann. Code Art. 27, § 418, provides:

> "Any person who *knowingly* sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor." (Emphasis supplied.)

The appellants in this case, John Bernard Fitzsimmons and 400 East Baltimore St. Inc., were convicted in the Criminal Court of Baltimore, at a non-jury trial, for selling an allegedly obscene publication.[1] Fitzsimmons was fined $750. The corporate appellant was fined $250.

Aggrieved at the trial judge's refusal to grant their motion for judgment of acquittal on the ground that they were being tried for non-existent offenses, both appellants have carried their cause to this Court.

From the record, we learn that on September 20, 1978, Officer Danny Brown of the Baltimore City Police Department, in plain clothes, entered 400 E. Baltimore Street. There, he purchased a magazine entitled *Swedish Erotica Number 11.* The magazine, we are told, contained 30 to 35 pages. Officer Brown testified that "[t]he contents in the magazine ... [were] female subjects with a few males through out the magazine. It show[ed] various sexual actions that they ... [were] involved in." He further commented that there was "a little bit of writing" which accompanied the pictures.

After he had purchased the magazine from Fitzsimmons, Officer Brown proceeded to the District Court judge's chambers and obtained an arrest warrant for Fitzsimmons. The appellant, Fitzsimmons, was arrested shortly

---

1. The publication that was introduced into evidence by the State has apparently disappeared. The Deputy Clerk of the Criminal Court of Baltimore has affixed a memorandum to the record which states in pertinent part: "I have no idea where the exhibit is located or who may be in possession of the exhibit which should be in the appeal record. ..."

thereafter. The corporate appellant was served with a criminal summons by service on its resident agent.

Each case proceeded to trial in the Criminal Court of Baltimore on a separate "Charging Document." [2] The charging document with respect to Fitzsimmons read in pertinent part:

> "[T]hat John Bernard Fitzsimmons . . . on or about 20 — Sept, 1978 at 400 E. Baltimore St unlawfully did sell a [*sic*] obscene magazine to wit: Swedish Erotica # 11 on or about 20 — Sept. 78 in Baltimore City . . . in violation of . . . ⊠ Ann. Code of Md. Art. 27 Sec. 418."

The "Charging Document" with respect to the corporate appellant averred:

> "[T]hat 400 E. Baltimore St. Inc. . . . on or about 20 Sept, 1978 at 400 E. Baltimore St 400 E Baltimore St Inc a corporation licensed to do business in Maryland located at 400 E Baltimore St did distribute to Detective Danny Brown an obscene publication to wit 'Swedish Erotica # 11' on 20 Sept 78 in violation of Art. 27 Sec. 418 of the . . . ☑ Ann. Code of Md. Art. 27 § 418."

Both appellants moved to dismiss the charges brought against them by the State because of the State's failure to allege scienter. The motions were denied.

The gravamen of the offense committed by violating Md. Ann. Code Art. 27, § 418 is that the accused shall have "knowingly" done so. Patently, if the accused were to unknowingly violate the statute, he is not guilty of the offense irrespective of the violation. Significantly, the

---

**2.** Md. Rule 712 (b) provides:

"Two or more defendants, whether principals or accessories, may be charged in the same charging document if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately and it is not necessary to charge all the defendants in each count."

charging documents omit entirely any averment that the appellants "knowingly" sold the magazine in contravention of the law.

Scienter or knowledge that the law is being violated by the seller is a fundamental ingredient of the offense. It must be alleged and proven by the State. Of course, no one can look into the mind of another so as to ascertain the other's thought process. If that were required, there could be no conviction of offenses that require proof of scienter. The law, however, is not so myopic.

It has been, as Justice Brennan observed in *Smith v. California,* 361 U.S. 147, 154, 80 S. Ct. 215, 219, 4 L. Ed. 2d 205 (1959), "some time ... since the law viewed itself as impotent to explore the actual state of a man's mind." The demonstrated circumstances may permit the fact-finder to draw a rational inference that the seller was aware of the contents of the magazine, irrespective of his denial. *Id. See also Commonwealth v. Corey,* 351 Mass. 331, 221 N.E.2d 222 (1966), wherein the Commonwealth conceded that it produced no evidence that an accused obscene book seller possessed any knowledge of the content or character of the book.

A closely analogous case to that now before us is *State v. Oman,* 265 Minn. 277, 121 N.W.2d 616 (1963). There, Oman was charged with "unlawfully" selling "certain obscene ... magazines ... in violation of Sec. 617.24 M.S.A.. ..." *Id.* at 278, 121 N.W.2d at 618. The Supreme Court of Minnesota noted that they were, as are we, dealing with a criminal prosecution with underlying issues involving the constitutionally protected freedoms of speech and press, equal protection of laws, and due process.

Notwithstanding that the prosecution had alluded to the particular criminal statute involved, the Court said:

"It is well established that the charge must fully, *directly,* and expressly, without uncertainty or ambiguity, set forth all of the elements necessary to constitute the offense intended to be punished. Evans v. United States, 153 U.S. 584, 14 S.Ct. 934,

38 L.Ed. 830 [(1894)]. Although the statute in question, read in the light of common law and of other statutes on like matter, may enable the court to infer intent of the legislature, this fact does not dispense with the necessity of alleging all of the facts necessary to bring the case within that intent. A statement of the essential facts constituting the offense charged is indispensable to the validity of the indictments." (Emphasis supplied.)

In sum, the charging document must contain the elements intended to be charged. Those elements must be stated in language that " 'sufficiently apprises the . . . [accused] of what he must be prepared to . . . [defend].' " *Russell v. United States,* 369 U.S. 749, 763, 82 S. Ct. 1038, 1047, 8 L. Ed. 2d 240, 250 (1962). *See Pearlman v. State,* 232 Md. 251, 192 A.2d 767 (1962), *cert. denied,* 376 U.S. 943 (1963); *Seidman v. State,* 230 Md. 305, 187 A.2d 109, *cert. denied,* 374 U.S. 807 (1962); *Lynch v. State,* 2 Md. App. 546, 236 A.2d 45 (1967), *cert. denied,* 393 U.S. 915 (1968). *See also Cohen v. State,* 125 So. 2d 560, 564 (Fla. 1960), wherein the Supreme Court of Florida held that an "information under which the appellant was charged was fatally defective for want of an averment that the appellant had sold and distributed the publication involved, knowing it to be obscene, lewd, etc. in character."

It is axiomatic that a charging document is sufficient if it follows the wording of the statute, but that is not what happened in the instant case. Neither of the two "Charging Documents" copied the statute. Indeed, they are not even copies of each other.

The trial judge relied upon certain wording in *Mason v. State,* 12 Md. App. 655, 677, 280 A.2d 753, 767 (1971) wherein we said:

"It is well-settled that an indictment is sufficient if it informs the person charged of the accusation against him as required by Article 21 of the Maryland Declaration of Rights, and if the charge is made with sufficient definiteness to enable him to

prepare his defense and to prevent the accused from being charged again with the same offense in a future prosecution. *Lynch v. State,* 2 Md. App. 546, certiorari denied in *Lynch v. State,* 89 S.Ct. 236; *Reagan v. State,* 4 Md. App. 590; *Presley v. State,* 6 Md. App. 419; *Boddie & Brooks v. State,* 6 Md. App. 523; and *Ward v. State,* 9 Md. App. 583. Both counts of the indictment informed the appellant with reasonable certainty of the charges against him, and actually specified the pertinent section of Article 27, which he allegedly violated. The drug was described as an hallucinogenic drug, and it is clear from a cursory reading of the indictment and the statute which is referred to in the indictment that the appellant is charged with a violation of Section 313B(b) of Article 27."

The trial court said that it "[did] not believe it is unreasonable in requiring the defendant to refer to the actual text of the Code in this case. Such an approach was sanctioned . . . in *Mason v. State* . . . when . . . [this Court] found an indictment sufficient in that a reading of the indictment *and* the statute cited by the indictment together adequately informed the defendant of the nature of the crime he was charged with. . . ." (Emphasis supplied.)

In *Mason* we restated the well-settled principle required by Art. 21 of the Declaration of Rights relative to the certainty of charges. We opined that not only was the wording of the indictment in *Mason* sufficient when viewed by the Article 21 standard, but that the State had gratuitously specified the statute allegedly violated. We did not intend that *Mason* should be interpreted as meaning that a faulty, defective, or ambiguous charging document would be cured or made unambiguous by citing the accused to the statute. Any belief that *Mason* departed from the requirements of Article 21 of the Declaration of Rights of the Maryland Constitution is error.

We hold that the charging documents in the matter now before us are defective in that they fail to allege that the

appellants "knowingly" violated Md. Ann. Code art. 27, § 418. Because of the defects we reverse.

*Judgments reversed.*
*Costs to be paid by the Mayor and*
*City Council of Baltimore.*